## Rudolph v. Wetherington's Administrator, et al.

(Decided April 23, 1918.)

### Appeal from Ballard Circuit Court.

1.  Domicile—New Residence.—One, leaving her residence in another state in pursuance of an intention to become a resident of a county in this state, who died before reaching her destination, did not acquire a domicile in that county.

2.  Executors and Administrators—Appointment of Administrator—Jurisdiction of Court—Domicile of Decedent.—The county court of a county, wherein a non-resident intended to acquire a new domicile but died while en route thereto for that purpose, is without jurisdiction to appoint an administrator of the estate of such decedent, other grounds of jurisdiction being lacking.

J. B. NICHOLS & McDONALD and A. M. NICHOLS for appellant.

M. C. ANDERSON and ED. REESOR for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Mrs. Nellie Wetherington, a resident of Arkansas, having formed and expressed an intention to remove to and become a citizen of Ballard county, Kentucky, in furtherance of that intention left her home in Arkansas with her personal belongings, on or about November 20, 1916, arriving in the city of Paducah, Kentucky, November 24th, where she died November 26, 1916, without having. been in Ballard county.

It is agreed by the parties that she "was not the owner of, or interested in any way in, any real estate at the time of her death; that she, at the time of her death, owned money and personal property, not to exceed $450.00 in value, all of which she had with her in Paducah, McCracken county, Kentucky, at the time of her death; and it is also agreed that she died intestate, that no one was indebted to her at her death, but two insurance policies became due, upon her death, to her estate."

Under sections 3894 and 4849, Kentucky Statutes, the jurisdiction to grant administration on the estate of a decedent is vested: First,. in the county court of the county of his residence; second, if he had no known residence in this Commonwealth, in the county where his land, if any, lies; and third, if he owned no land, then "in the county where he died or that wherein his estate, or part thereof, shall be, or where there may be any debt or demand owing to him."

As it is admitted intestate had no land and that no one was indebted to her, her administrator must have been named by the county court of the county where she died, or that wherein her estate was when she died, unless she had a known residence in this Commonwealth. So, the question is narrowed to whether or not her residence was in Ballard county, the only ground upon which the jurisdiction of the Ballard county court could be sustained.

This question, upon very similar facts, was before this court in Boyd's Ex'or v. Commonwealth, 149 Ky. 764, 149 S. W. 1022, wherein numerous authorities were cited, including the following:

"In Dicey on the Conflict of Laws, at page 106, the author says:

" 'The only principle which can be laid down as governing all questions of domicile is this, that where a

party is alleged to have abandoned his domicile of origin, and to have acquired a new one, it is necessary to show that there was both the factum and the animus. There must be the act, and there must be the intention.

" 'A new domicile is not acquired until there is not only a fixed intention of establishing a permanent residence in some other county, but until also this intention has been carried out by actual residence there.

" 'In 14 Cyc. 838, we find:

" 'Domicile of choice is entirely a question of residence and intent or, as it is usually put, the factum and the animus. Both must concur in order that the domicile may be deemed established.'

" 'The character of residence and the time it is occupied are unimportant, but there must be an actual occupancy of the residence chosen for some time, however short, in order that the change of residence may become effective. 14 Cyc. 839.' "

The question for decision in that case was whether or not Robert Boyd, who left his home in Laurel county, Kentucky, on the 9th day of September, with the intention of locating in Texas, but did not arrive at his destination until September 24th, was, on the 15th day of September, still a resident of Laurel county. The court held that he was upon that date a resident of Laurel county, upon the ground that every one must, at all times, have a legal residence somewhere, and that he could not establish a new domicile until he had actually reached it and settled there.

See also Baker v. Baker, Eccles & Co., 162 Ky. 683; Tipton v. Tipton, 87 Ky. 243, and Hyatt v. James, Admr., 8 Bush 10.

It is, therefore, apparent that Mrs. Wetherington was not, at the time of her death, a resident of Ballard county, Kentucky, and the Ballard county court was without jurisdiction to grant administration upon her estate.

The cases from this court cited by appellee, Helm's Trustee v. Commonwealth, 135 Ky. 392, and L. & N. R. Co. v. Schumaker, 21 Ky. L. R. 803, 108 Ky. 263, do not support his contention, but, upon the other hand, are entirely in accord with Boyd's Executor v. Commonwealth, *supra*, and sustain the contention of appellants, the court's conclusion in the latter case being controlled by the fact that the decedent left debts or demands ow-

ing to him in Boyle county at the time of his death, which, under the statute, gave the Boyle county court jurisdiction.

Wherefore, the judgment is reversed for proceedings not inconsistent herewith.