## Hayes v. Blackwell, Judge.

December 13, 1946.

O. W. Jenkins and Hardin H. Herr for petitioner.

George S. Clay for respondent Blackwell.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing petition.

This is an original action filed in this court by petitioner, Susie Hayes, against Judge Marlin L. Blackwell, Judge of the Henderson circuit court, pursuant to the provisions of section 110 of our Constitution, seeking to prohibit him as such judge from proceeding to try, hear and dispose of a divorce action pending in the Henderson circuit court wherein petitioner's husband sought a divorce from her.

The grounds for the prohibitory writ herein sought was and is, that respondent has no jurisdiction of the pending divorce action before him in the Henderson circuit court, because petitioner at the time of the filing of that action had abandoned her residence in Henderson County and had acquired one in Jefferson County, which, if true, would deprive respondent of jurisdiction to try and hear the divorce action pending in his court.

Upon the initial hearing for a temporary writ made at the time of filing the petition in this court on September 12, 1946, we entered an order granting a temporary writ prohibiting respondent from taking any steps or making any order in the divorce action pending before him "until the further orders of this court." That order was made because the members of this court who heard the motion for the temporary writ concluded that a permanent writ should not be issued without this court having before it the testimony heard by respondent when he overruled petitioner's plea in abatement filed by her in that case, which was bottomed on the alleged fact of her having abandoned Henderson County as the place of her residence at the time his divorce action against her was filed, which was on January 30, 1946.

Accompanying the petition filed in this court was a batch of testimony that petitioner had taken prior to the filing of her action in this court which contained her testimony, that of her niece to whose home she went when she did leave Henderson, that of a witness and kinsman living in Sonora, Hardin County, Kentucky and perhaps others. Petitioner herself testified in that deposition, and her testimony was very much confused and not sufficient to base any finding as to the crucial fact in this case, i. e., whether or not she had abandoned her residence in Henderson County on January 30, 1946, the day upon which her husband filed his divorce action in the

Henderson circuit court, and had acquired a residence in Jefferson County,. as she contends. No witness who testified in that batch of depositions was certain as to the day when petitioner arrived at the home of her niece, a Mrs. Jenkins. They stated that the time she so arrived was "about" a certain day in January, or "around" such a day, etc., none of which was conclusively persuasive.

Following the order we made supra, petitioner again took the depositions of the same witnesses whose testimony was of the same unpersuasive effect, whilst following the same order respondent prepared and filed (as directed might be done in that order) the affidavits of himself and other witnesses, including that of the husband of petitioner and at least two others. In the affidavit of the husband and those of the other two witnesses the affiants swore that petitioner was seen in the city of Henderson, and had not left Henderson County on the late evening and night of January 30 (the latter fact as to being seen at night being made by petitioner's husband), and also that she was seen on the next day. The affidavit of respondent states that he took notes of the testimony during the hearing of the plea in abatement and that his recollection, as fortified by his notes, was that the proof heard by him clearly showed that petitioner had not left Henderson County, or had abandoned her residence therein at the time that the divorce action was filed. He therefore overruled the plea in abatement, followed, as we have said, by petitioner filing this original action in this court.

It is admitted that respondent had the authority and possessed jurisdiction to determine the place of residence of petitioner at the time the divorce action was filed by petitioner's husband. The evidence he heard on that issue was amply sufficient to sustain his finding that she had not abandoned her home in Henderson County at that time, since abandonment consists of a bona fide intent to abandon, followed by the actual act of moving away from the place of former residence and acquiring a new one elsewhere. Therefore, petitioner may have entertained the intent to abandon her home in Henderson, but it did not become effective until she actually removed herself from that county.

Since the preponderance of the proof furnished to this court the proof as heard by respondent in overruling petitioner's plea in abatement of the Henderson County divorce action was sufficient to sustain his ruling thereon, it necessarily follows that he had jurisdiction to hear and determine the husband's divorce action pending in his court.

Wherefore the petition is dismissed.