## Brumfield v. Baxter, Judge.

April 30, 1948.

Paul H. Mansfield and Scott Reed for petitioner.

B. T. Moynahan, Jr. for respondent.

OPINION OF THE COURT BY JUDGE THOMAS—Granting writ.

Petitioner Margorie B. Brumfield, and George W. Brumfield were married February 7, 1942, and lived together, mostly in Jessamine County, until January 25, 1948, when they separated. At that time, and for 14 months prior thereto, petitioner was employed by the Fred Bryant Motor Company located in Lexington, Kentucky. Immediately following the separation, and on the same day, petitioner took up her residence in the city of Lexington first temporarily occupying a room with the Y. W. C. A. until she could secure a permanent home, which she did soon thereafter at 209 East Maxwell Street in that city.

On January 31 following the separation the husband filed an action in the Jessamine circuit court against petitioner seeking a divorce on the ground that for more than six months his wife behaved toward him in such cruel and inhuman manner as to indicate a

settled aversion to him and to permanently destroy his peace and happiness. Petitioner filed a special demurrer to that petition on the ground that the action was brought in the wrong venue, since at the time the husband filed his petition against her she had become and was a bona fide resident of Lexington, Kentucky, and resided therein.

Section 76 of the Civil Code of Practice requires that the proper venue of a divorce action filed by a husband against his wife is in the county where she resides, if it is located in this Commonwealth. Petitioner followed the filing of her special demurrer with a pleading in the nature of an affidavit in which she alleged the above facts showing her change of residence from Jessamine County to Fayette County, and further stating that on February 3 of that year she filed an action in the Fayette circuit court against her husband seeking a divorce from him upon the same ground that he alleged against her in his Jessamine circuit court action. In the meantime she gave her deposition proving her change of residence as above stated, followed by respondent overruling her objection to the venue of the husband's divorce action. She then filed this original action in this court to prohibit respondent from proceeding with the Jessamine County divorce action and from making any orders therein, except one to dismiss her husband's petition without prejudice.

It is argued by counsel for respondent that the petitioner's special demurrer filed to her husband's petition was insufficient to raise the question of improper venue, since the absence of venue did not appear from her husband's petition and that its allegations could not be enlarged by reciting extraneous facts in the special demurrer, and which is no doubt correct. However, the filing of the special demurrer by petitioner was not the only step taken by her in her husband's divorce action challenging the proper venue in which that action should have been filed. As we have seen, she followed her special demurrer—though named an affidavit—with a recitation of the facts showing that she at the time of the filing of her husband's action had moved to Lexington, Kentucky, with the intention of permanently locating therein, all of which is authorized and strictly pursuant to the provisions of sec. 118 of the same Code

of Practice. The fact that her attorneys styled that pleading an ''affidavit'' instead of answer in abatement is immaterial and entirely too technical to be considered, which would be true in the absence of language contained in section 118 of the Code, a part of which says: ''A party may, by an answer *or other proper pleading,* make any of the objections mentioned in section 92, the existence of which is not shown by the pleading of his adversary.'' (Our emphasis.)

It is therefore seen that the failure of petitioner's counsel to designate his client's affidavit as an answer is immaterial. The affidavit of petitioner was a pleading, manifesting the facts on which petitioner relied to abate her husband's Jessamine County divorce action.

Rarely is it found that two independent litigations contain complete parallel facts, the one with the other, as do the facts in this case and those of Thomas v. Newell, Judge, 277 Ky. 712, 127 S. W. 2d 610, 613. Each of them are original proceedings filed in this court as authorized by section 110 of our Constitution. The petitioner therein filed a special demurrer to her husband's petition against her seeking a divorce which was filed by him in the Mason circuit court in which county the parties resided before their separation. She followed that special demurrer by ''a plea in abatement'' setting out the facts that she had removed her residence before her husband filed his petition in the Mason circuit court to Jefferson County and took up her abode in the home of her mother who resided in the city of Louisville. Both her special demurrer and her plea in abatement were disallowed by the Judge of the Mason circuit court. She then filed her original action in this court to prohibit the Judge of the Mason circuit court from exercising jurisdiction therein, other than to abate the action by dismissing the petition without prejudice. We sustained her prayer for relief with the direction that ''respondent is prohibited from proceeding further in the case of Stanley Thomas v. Jessie M. Thomas pending in the Mason circuit court, an action filed thereon on August 31, 1938, other than to abate the action by dismissing it without prejudice.''

In the course of the discussion of the questions involved in the Thomas case, one of several domestic cases

we cited in support of the conclusions reached therein is Gooding v. Gooding, 42 S. W. 1123, 1124, 19 Ky. Law Rep. 967. In that case this court said· that "no length of time is required by law" to effect a change of residence. Other domestic cases are cited in the Thomas case in support of that ruling, including annotations in 39 A. L. R. 728 et seq., as well as the text in 19 C. J. 35, sec. 55, and on pages 26 and 31, sections 36 and 44; 27 C. J. S., Divorce, secs. 83, 71, 77. In the Thomas case the wife left Maysville carrying with her some clothing and went to her mother's home in Louisville with the bona fide intention of changing her residence from Mason County to Jefferson County and the husband's divorce petition was filed in the afternoon of the same day.

In the instant case the husband on the day of the separation himself carried and delivered to her in Lexington some of her clothing and filed his divorce action in the Jessamine circuit court five days thereafter during which interim the wife had taken up her temporary abode at the Y. W. C. A. in that city. We are therefore furnished in this case stronger proof of her intention to change her residence than the proof heard in the Thomas case on the issue of bona fide intention to change residences.

In ordinary cases original proceedings in this court, under the authority of section 110 of the Constitution, will not be entertained where the right of appeal to this court exists, but since there can be no appeal from a judgment granting a divorce the only remedy open to the petitioner is an original application to this court. Consequently we have taken original jurisdiction without exception where there is no right of appeal followed by great and irreparable injury.

Wherefore, the motion of petitioner for the writ is granted and the respondent is prohibited from making any orders in the ·case of Brumfield v. Brumfield pending before him, except to dismiss it without prejudice.