674

**Marjory Ellison STEWART, Petitioner,**

v.

**Hon. Ward YAGER, Judge of 15th Circuit Court District, Respondent.**

Court of Appeals of Kentucky.

Nov. 5, 1954.

George B. Ryan, Louisville, for petitioner.

William G. Reed, Carrollton, for respondent.

MOREMEN, Justice.

This is an original action by which petitioner, Marjory Ellison Stewart, seeks an order requiring the Hon. Ward Yager, Judge of the 15th Judicial District, to desist from proceeding further in a certain divorce action pending in his court in which Henry Van Dyke Stewart is plaintiff, and petitioner is defendant.

The question involved concerns whether or not a divorce action has proper venue under KRS 452.470 which provides that an action for alimony or divorce must be brought in the county where the wife usually resides if she have an actual residence in this state and if she does not, it must be brought in the county of the husband's residence. This section (it was formerly Section 76 of the Civil Code of Practice) has been under consideration several times. The court has given no special technical meaning to the expression, "usually resides," and has held that no particular length of time is required by law to effect a change of residence and has determined from the facts whether the wife had met the usual requirements of establishing a new residence. Where it was shown that she had obtained actual physical presence with a bona fide intention of changing her residence to a new county, such action was sufficient. Brumfield v. Baxter, 307 Ky. 316, 210 S.W.2d 972; Thomas v. Newell, 277 Ky. 712, 127 S.W.2d 610.

The facts in this case upon which we must fix the place of petitioner's residence are not in dispute. On March 10, 1954, Dr. and Mrs. Stewart separated in Carrollton where they had an established residence. Mrs. Stewart rented an apartment in Carrollton which she occupied with her infant son. She filed a divorce suit in the Carroll Circuit Court which thereafter was dismissed. On May 13, 1954, she went to Louisville and there employed an attorney.

She informed him that it was her intention to move to Louisville the following weekend, and sought his advice about filing a suit for divorce in Jefferson County. By Saturday, May 15, Mrs. Stewart's divorce complaint was prepared and ready for filing. Mrs. Stewart had been notified that the apartment which she occupied in Carrollton would no longer be available to her. On Sunday, May 16, she went to Louisville where she rented a furnished apartment and on the same day transferred to it about half of her personal belongings. She returned to Carrollton where she spent the night. On the morning of Monday, May 17, the husband filed his complaint in the Carroll Circuit Court and process was immediately served upon Mrs. Stewart at her apartment while she was engaged in removing the balance of her belongings. Soon thereafter she went to Louisville where in the Jefferson Circuit Court she also filed complaint seeking a divorce, custody of her child, and a property settlement.

In several of the cases which we have examined, Brumfield v. Baxter, 307 Ky. 316, 210 S.W.2d 972; Thomas v. Newell, 277 Ky. 712, 127 S.W.2d 610; Gooding v. Gooding, 42 S.W. 1123, 19 Ky.Law Rep. 967, the court has found that the wife had established residence simultaneously with her physical appearance in the new county with an intention of making it her residence but in no case has residence been established without a complete abandonment of the old habitat, and this abandonment is necessary. In Hayes v. Blackwell, 303 Ky. 548, 198 S.W.2d 203, 204, a case not dissimilar in fact from the instant one, the court stressed the importance of actual abandonment, saying:

"It is admitted that respondent had the authority and possessed jurisdiction to determine the place of residence of petitioner at the time the divorce action was filed by petitioner's husband. The evidence he heard on that issue was amply sufficient to sustain the finding that she had not abandoned her home in Henderson County at that time, since abandonment consists of a bona fide intent to abandon, followed by the actual act of moving away from the place of former residence and acquiring a new one elsewhere. Therefore, petitioner may have entertained the intent to abandon her home in Henderson, but it did not become effective until she actually removed herself from that county."

We think that under the facts of this case the learned trial judge was well within the limits of his discretionary power when he held that Mrs. Stewart had not yet abandoned her old residence regardless of her intention.

In the recent case of Schaetzley v. Wright, Ky., 271 S.W.2d 885, it was indicated that this court should issue orders of prohibition only in cases where in addition to the element of great and irreparable injury, there is some aspect of injustice. It was said:

"There must be something in the nature of usurpation or abuse of power by the lower court, Renshaw v. Cook, 129 Ky. 347, 111 S.W. 377, such as to demand that the Court of Appeals step in to maintain a proper control over the lower court, Clapp v. Sandidge, 230 Ky. 594, 20 S.W.2d 449. The object of the supervisory power of the Court of Appeals is to prevent miscarriage of justice, City of Bowling Green v. Milliken, 257 Ky. 245, 77 S.W. 2d 777; Old Blue Ribbon Distillers v. Holbert, 276 Ky. 687, 125 S.W.2d 253."

We find none of those elements here, and the motion for the order is denied.