Sylvester CARTER, Appellant,

v.

Lelia Louise CARTER, Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1954.

S. Jewell Rice, Lexington, Wm. Hill Mackey, Nicholasville, for appellant.

Charles Wylie, Lexington, for appellee.

STANLEY, Commissioner.

A divorce was granted Mrs. Lelia Louise Carter from Sylvester Carter on the ground of cruel treatment. She was given $500 lump sum alimony in addition to household furnishings which she had taken from the home. Custody of a 4½ year old girl was awarded the mother with the right of visitation by and with the father. The husband's appeal rests on the ground of non-jurisdiction and error in awarding the child to the mother and in giving her the alimony.

During their five years of marriage, the parties lived in Jessamine County. On October 16, 1952, the wife left the husband and went to Lexington. The next day she filed the suit for divorce, alleging, in conformity with the statute, that Fayette County was the county where she "usually resides." KRS 452.470. The husband's testimony indicates that in their last con-

versation in Nicholasville, his wife showed no indication of a purpose to leave him and go to Lexington to live. The testimony of the wife is to the contrary. The circumstances support the wife's contention. Upon comparable facts, we have construed the statute as conferring jurisdiction since no period of time of residence in the county is declared prerequisite to maintaining a suit. It is sufficient that on the day the suit was filed the wife had become a resident of the county with a fixed intention of remaining there permanently. Brumfield v. Baxter, 307 Ky. 316, 210 S.W.2d 972.

The chancellor had the benefit of hearing the case on oral testimony. The record is one of contradictions as to mistreatment or good treatment by the husband. The wife had been employed and her mother generally kept the child during the day. They have continued to live together in Lexington where the wife has employment at the University, while the husband has continued to live in Jessamine County. Some attempt was made to show unfitness on the part of the grandmother to care for the child, but in our opinion the attempt failed. The circumstances and conditions at the home of the mother and grandmother are favorable to the welfare of the child. The same, in a lesser degree, however, might be said as to the home of the father and his mother where the child would be placed if custody were given the father. We are not persuaded that the judgment is wrong.

The parties had a joint bank account to which each contributed and upon which each drew checks. At the time of the separation the wife withdrew the balance of about $1,200 and took a good many of the furnishings from the home. The evidence as to the husband's income and earning capacity is rather meager, but it seems he makes at least $50 or $60 a week. The wife's salary is something less. No complaint is made of the allowance of $10 a month for the care of the child. We do not think the award of an additional $500 alimony is error.

Judgment affirmed.