Charles J. SEBASTIAN, Petitioner,

v.

Hon. Ervine TURNER, Judge of Wolfe Circuit Court and of the 39th Judicial District, Respondent.

Court of Appeals of Kentucky.

Feb. 6, 1959.

Brock & Brock, Lexington, Edward Jackson, Beattyville, for petitioner.

J. Douglas Graham, Campton, for respondent.

CLAY, Commissioner.

This is an original proceeding in this Court to prohibit Hon. Ervine Turner, Judge of the Wolfe Circuit Court, from proceeding to hear a divorce action filed in that court by Jackie Smith Sebastian. A temporary order of prohibition has heretofore been entered. The question presented is one of venue.

Petitioner Charles Sebastian and Jackie were married in Lexington in 1945, and continuously lived there together until October 1958. They have two children, ages 11 and 8. Jackie's mother also lives in Lexington.

Jackie's father lives at Campton in Wolfe County. In the summer of 1958 she paid a short visit to her father and discussed with him a divorce. There is evidence she discussed the matter with an attorney there, which she denies.

On Saturday, October 11, Jackie took her two children to Campton, along with a few items of her wearing apparel (and some clothes for the children). Two days later, on Monday, October 13, she filed suit for divorce in the Wolfe Circuit Court.

The children were returned to Lexington that weekend, and are now going to school and living there with Jackie's mother. Since the filing of the suit Jackie has made several trips to Lexington, picking up additional items of clothing and personal belongings. At the home she left there is still a substantial portion of her personal property.

On October 15, petitioner filed his suit for divorce in the Fayette Circuit Court.

Jackie testified she intended to leave her husband permanently, and that she went to

Campton with the intention of remaining and living there indefinitely. She also testified she went to Campton "for the purpose of filing suit for divorce".

The sole question presented is whether or not Mrs. Sebastian, on October 13, 1958, resided in Wolfe County within the meaning of KRS 452.470, which provides that an action for divorce must be brought in the county where the wife "usually resides".

■ Admittedly a wife can change her residence from that of her husband. In determining whether or not she has established a new residence elsewhere, certain subjective and objective factors are significant.

Three cases presented a problem similar to the one before us. In Thomas v. Newell, 277 Ky. 712, 127 S.W.2d 610, the married couple lived in Maysville. The wife packed her belongings and went to Louisville to the home of her mother. Two days later she filed a suit for divorce there. It was held that her actions established her intention, in good faith, to become a resident of Louisville.

In Brumfield v. Baxter, 307 Ky. 316, 210 S.W.2d 972, the husband and wife lived in Jessamine County. The wife left the husband and moved to Lexington where she occupied a room at the YWCA. Six days after the wife had moved, the husband brought suit in Jessamine County. With some emphasis on the fact that the wife had removed her belongings to Lexington, it was held that her acts showed a bona fide intention to acquire a residence in that city.

In Stewart v. Yager, Ky., 272 S.W.2d 674, the parties lived in Carrollton. On May 13 she went to Louisville and employed an attorney. On May 16 she returned to Louisville and rented a furnished apartment, the same day transferring about half of her personal belongings. She returned to Carrollton that night, and the next day her husband filed suit against her in the Carroll Circuit Court. The court

pointed out that the intention to establish a new residence is not sufficient without a complete abandonment of the old habitat. It was held that the wife had not established a residence in Louisville when the suit was filed. This case follows Hayes v. Blackwell, 303 Ky. 548, 198 S.W.2d 203, which emphasized the necessity for the wife to abandon her former home.

It is apparent from the foregoing decisions that (1) intention alone is not sufficient, (2) no particular time is necessary to acquire a new residence, (3) good faith is required, (4) the wife must remove herself and a substantial portion of her belongings, and (5) the evidence must show that she has actually and completely abandoned her former residence.

■ It is to be noted that KRS 452.470 fixes the venue of a divorce action in the county where the wife "usually resides". The use of the word "usually" in the statute indicates an intention upon the part of the legislature that the place of abode must have become established as a residence. Something more is required than the overnight removal of the wife's person from one place to another for the purpose of commencing a suit for divorce.

■ In view of the fact that the wife in the present case left a substantial amount of her personal belongings at her home in Lexington, that she left her children there, that her mother's home is there, and that her stay in Campton was of such short duration when suit was filed, we are of the opinion that she had not completely abandoned her home in Lexington and had not in good faith established a new residence in Wolfe County. For these reasons the objection to the venue of the Wolfe Circuit Court is well taken and the temporary order of prohibition should be made permanent.

It is ordered that the temporary order of prohibition entered on December 12, 1958, be and hereby is made permanent.