**Lucille Eaves BURKE, Petitioner,**

v.

**Hon. R. C. TARTAR, Judge, Pulaski Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Oct. 6, 1961.

F. Selby Hurst, Lexington, for petitioner.

R. C. Tartar, Somerset, pro se.

PALMORE, Judge.

By an original proceeding in this court Lucille Eaves Burke seeks an order prohibiting Hon. R. C. Tartar, Judge of the Pulaski Circuit Court, from proceeding to adjudicate a divorce action brought against her in that court by Allen M. Burke. Her claim is that under KRS 452.470, which provides that a divorce action must be brought in the county where the wife "usually resides" if she has an actual residence in this state, the Pulaski Circuit Court does not have jurisdiction.

It appears that on June 22, 1961, the Burkes were living together at Somerset, in Pulaski County. At about 2:30 A.M. on June 23 she gathered up her children and belongings and left home. Some time prior to 9:00 A.M. of the same day she left Somerset by automobile and drove directly to Lexington, in Fayette County, where she forthwith rented and moved into an apartment. Later on during that day she filed a divorce suit against her husband in the Fayette Circuit Court. Meanwhile, however, at 9:30 A.M. he had filed a similar suit in the Pulaski Circuit Court against her. She claims that when this latter action was filed she had abandoned Pulaski County with the intention of taking up permanent residence in Fayette County.

The affidavits submitted to the Pulaski Circuit Court in support of Mrs. Burke's motion to dismiss on the ground of improper venue do not show whether she had reached Fayette County or, for that matter, had

148

cleared the limits of Pulaski County at 9:30 A.M. on June 23. The motion was overruled and this proceeding followed.

■ If either of the parties is domiciled in this state and the defendant is before the court by due process, the venue of a divorce action brought within the state is not jurisdictional in the sense that it affects the authority of the court to hear and determine the cause. Cf. Johnson v. Johnson, 1877, 12 Bush 485, 75 Ky. 485; Tudor v. Tudor, 1897, 101 Ky. 530, 41 S.W. 768, 19 Ky.Law. Rep. 747; Kenmont Coal Co. v. Fisher, Ky. 1953, 259 S.W.2d 480, 482; 17 Am.Jur. 476 (Divorce and Separation, § 302); Restatement, Conflict of Laws (1948 Supp.), § 113. See also Stevens, Venue Reform in Kentucky, 40 Ky.L.J. 58 (1951). Otherwise, it could not be held (as it often has been) that venue in such actions may be waived, since jurisdiction, except over the person, cannot be conferred by waiver or consent. Thompson v. Com., 1937, 266 Ky. 529, 99 S.W.2d 705. Thus we do not have before us a truly jurisdictional question.

■ Uniformly, however, this court has exercised its discretionary powers under Constitution § 110 to consider the merits of venue questions in divorce actions. See Whitaker v. Bradley, Ky. 349 S.W.2d 831; Sebastian v. Turner, Ky.1959, 320 S.W.2d 794; Stewart v. Yager, Ky.1954, 272 S.W. 2d 674; Weintraub v. Murphy, Ky.1951, 240 S.W.2d 594; Brumfield v. Baxter, 1948, 307 Ky. 316, 210 S.W.2d 972; Hayes v. Blackwell, 1946, 303 Ky. 548, 198 S.W.2d 203; Thomas v. Newell, 1939, 277 Ky. 712, 127 S.W.2d 610. In such cases the remedy of prohibition is administratively appropriate in that it tends to prevent a disorderly race in two different courts to an unappealable judgment.

■ It is established that on June 23, 1961, Mrs. Burke began the day as a usual resident of Pulaski County. During the day she changed her place of usual residence to Fayette County. Under fundamental principles, Pulaski County remained her

place of usual residence during the period of transfer and until she established her residence in Fayette County. Boyd's Ex'r v. Com., 1912, 149 Ky. 764, 149 S.W. 1022, 42 L.R.A.,N.S., 580, Ann.Cas.1914B, 481; Rudolph v. Wetherington's Adm'r, 1918, 180 Ky. 271, 202 S.W. 652; 17 Am.Jur. 464 (Divorce and Separation, § 289). Since Mrs. Burke made no showing that she was a resident of Fayette County at 9:30 A.M. when the action was commenced in Pulaski County, her motion to dismiss was properly overruled.

■ The argument is made, however, that the law takes no account of fractions of a day. Miniard v. Lewis, 1924, 206 Ky. 125, 266 S.W. 1055, in which the day of posting was counted as a full day of notice, is cited in support. But this general rule, "like all other legal fictions, is allowed to operate only in cases where it will promote right and justice." 52 Am.Jur. 340 (Time, § 15). Certainly the law recognizes that two things may be done in succession on the same day. Monroe's Guardian Ad Litem v. Monroe, 1926, 215 Ky. 440, 285 S.W. 250, 252. Should we apply the fiction to this case the impracticable result would be that Mrs. Burke usually resided in both Pulaski and Fayette Counties for the entire day and both courts would have the venue. The sword cuts both ways. Our conclusion is that there can be no sound application of the cited rule to this type of case.

■ It is contended also that certain actions taken by the husband's counsel in connection with the Fayette proceeding waived the venue question. Prohibition may not be used as a substitute for appeal to question any and every ruling the circuit court makes during the course of a divorce action. Cf. Wiglesworth v. Wright, Ky. 1954, 269 S.W.2d 263, 266. Therefore, we shall not extend our discretionary intrusion into the trial process beyond determining that the circuit court properly decided the principal point.

The temporary order is dissolved and prohibition denied.