**Gary CALHOUN, Petitioner,**

**v.**

**Honorable Richard H. PEEK, Judge Calloway Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Sept. 29, 1967.

Ben B. Wright, Hopkinsville, for petitioner.

Hughes & Gregory, Murray, for respondent.

DAVIS, Commissioner.

Gary Calhoun invokes the original jurisdiction of this court pursuant to Kentucky Constitution, Section 110, seeking an order prohibiting the Judge of the Calloway Circuit Court from proceeding with the trial of a divorce action instituted in that court against Gary Calhoun by June Calhoun, his wife.

Petitioner asserts that Calloway County is not the county where his wife "usually resides," and that Trigg County is the place where she usually resides and is, therefore, the proper county in which this divorce action must be brought. KRS 452.470.

After a hearing on petitioner's motion to dismiss the divorce action, the respondent judge found that venue lies in Calloway County and denied petitioner's motion to dismiss the action. In the order denying the motion to dismiss for lack of venue, the respondent judge used the following language, upon which the petitioner relies heavily in this proceeding:

"It appearing to the court that the plaintiff June Calhoun has removed herself from Trigg County, Kentucky with the intention of becoming a resident of Calloway County, Kentucky, and that the latter named county was her usual place of residence at the time of the bringing of the action herein, therefore

"IT IS CONSIDERED, ORDER (sic) AND ADJUDGED that the defendant's motion to dismiss for lack of venue in the Calloway Circuit Court be and the same is hereby overruled; provided however, in overruling said motion the court expressly states that this order will show that the court takes notice that if step five in the Sebastian case (Sebastian vs. Turner 320 S.W. (2) 794 (1959) ) means totally and completely abandoning the county literally that the order herein should be set aside * * * ; said step five in the Sebastion vs. Turner case, wherein the following language is used:

'The evidence must show that she has actually and completely abandoned her former residence.'

"This court being of the opinion that if the Court of Appeals meant what they apparently said, in that case, viz: that total and complete abandonment of former residence in which they live, then it is the opinion of the court that said plaintiff has not done that."

The record reflects that Gary and June Calhoun were married in 1956 and have been residents of Trigg County since the time of their marriage; they have two sons aged, respectively, ten and eight, when this action was filed. The Calhouns operate two retail grocery stores in Cadiz and own the real estate on which one of the stores is located. In February, 1967, the Calhouns separated. Mrs. Calhoun left the Cadiz home and took the children with her to Wichita, Kansas, for a week and then returned to Cadiz to the home of her mother in that community, where she stayed approximately ten days. Mrs. Calhoun next rented and moved, with her children, to a furnished house on Line Street in Cadiz about the first of March, 1967. The children continued to attend the public school in Cadiz.

About April 1, 1967, Mrs. Calhoun went to Murray in Calloway County with her children to an apartment which she rented from her father who lives in Murray. About a week after she had gone to Murray, Mrs. Calhoun filed the present suit. It was shown the Mrs. Calhoun continued to pay rent on the Line Street property in Cadiz and that on some occasions she and the children spent the night there after she had rented quarters in Murray. It is to be noted that Mrs. Calhoun moved from her father's property in Murray to other property on Berry Street in Murray which she now contends to be her place of residence. Mrs. Calhoun testified that she had moved to Murray about the first of April with the unqualified intention of making Murray her place of residence. She explained that she retained the Line Street property in Cadiz because she was not certain that she could obtain suitable facilities in Murray and because the two children desired to complete the nearly finished school term in the Cadiz school. She further explained that it was necessary for her to return to Cadiz daily in order to perform her duties incident to managing one of the two grocery stores owned by her and her husband. Mrs. Calhoun related that she used the Line Street

**154**

property primarily as a place to rest during the day and as a sort of base in Cadiz for her and the children, but not as a usual place of residence. She admitted that she would spend the night in the Line Street property on some occasions, but not regularly.

Our review of the decisions of this court interpreting KRS 452.470 leads us to the conclusion that the respondent correctly adjudged that Mrs. Calhoun had bona fide residence in Calloway County based on the evidence adduced at the hearing on the motion to dismiss. As observed, the respondent judge expressed doubt that Mrs. Calhoun had "actually and completely abandoned her former residence" as mentioned in Sebastian v. Turner, Ky., 320 S.W.2d 794, 795.

■ It is our view that we deal here with a question of semantics. The actual and complete abandonment referred to in the cited case is not to be construed as requiring that the wife shall never set foot in the county of her former habitat. The circumstances of the case at bar reflect that the wife did actually and completely abandon Trigg County within the meaning and purview of the statute and the decisions construing it. The facts that she returned to Cadiz to operate the grocery store and permitted the children to complete the brief remainder of the school term are not sufficient to negative actual and complete abandonment of her "former residence." Nor did her temporary retention of the Line Street house for the limited purposes mentioned militate against her expressed and evinced purpose to make her residence in Calloway County.

No useful purpose would be served in seeking to analyze and reconcile the several cases which have dealt with KRS 452.470, as each of them must turn upon the peculiar fact situation involved. In addition to Sebastian v. Turner, Ky., 320 S.W.2d 794, and the authorities therein discussed, reference is had to Whitaker v. Bradley, Ky., 349 S.W.2d 831, and other cases collated in 7A Kentucky Digest, Divorce ⬗66.

■ The petitioner has urged that the order of prohibition should be granted herein as if by default because of the form of the response. The response was signed as being submitted by counsel for Mrs. Calhoun rather than as counsel for the respondent judge. We do not regard this irregularity as fatal. It suffices to say that we have considered the response along with the entire record and conclude that the decision of the respondent is supported by substantial evidence and is not clearly erroneous.

The order of prohibition is denied.

All concur.