**156**

Virginia Ann BLANTON, Petitioner,

v.

W. D. SPARKS, Judge, Johnson Circuit
Court, Respondent.

Court of Appeals of Kentucky.

March 22, 1974.

Charles S. Sinnette, Ashland, for petitioner.

Kenneth Williams, Gray, Woods & Cooper, Ashland, for respondent.

STEINFELD, Justice.

In an original proceeding in this court petitioner Virginia Ann Blanton seeks a writ of prohibition and mandamus. She seeks to (1) prohibit the Honorable W. D. Sparks, Judge of the Johnson Circuit Court, from proceeding in a divorce action filed by her husband Eldred, (2) have Judge Sparks honor an order of the Boyd Circuit Court which awarded her temporary custody of Janette, the minor child born of the marriage, and (3) have this court (Court of Appeals) declare null and void all of the proceedings heretofore occurring in the Johnson Circuit Court and to prohibit the judge of that court from future action in the divorce case filed therein.

Prior to December 5, 1973, Virginia and Eldred Blanton and their minor child resided in Johnson County, Kentucky. On that date Virginia went to " * * * Ashland, Boyd County, Kentucky, to arrange with her mother to establish residence and to consult an attorney about a Petition for Dissolution of Marriage." Virginia returned to Johnson County that same day but the record does not indicate whether she went to Eldred's home. On December 7, 1973, Virginia returned to Ashland with some of her clothes, conferred with her attorney, and on that same day went back to Eldred's home in Johnson County. On December 13, 1973, after Eldred left home for work, Virginia took the child and personal effects to Boyd County, where, at approximately 2:30 p. m., she filed a verified petition for dissolution of the marriage and

for custody of the child. A summons was issued and mailed to the Johnson County sheriff with directions to serve it on Eldred. We cannot determine from the record before us whether Eldred was served with the summons. On December 13, 1973, at approximately 2:45 p. m., Eldred also filed in the Johnson Circuit Court a petition for the dissolution of marriage and for custody of the child, and on that same date Eldred secured a temporary order of custody of Janette. Eldred traveled to Boyd County and accompanied that county's sheriff while he served the order on Virginia. She relinquished custody of the child to Eldred, who then returned with Janette to Johnson County.

On December 14, 1973, Virginia, in the Boyd Circuit Court, sought temporary custody of the child. A copy of the motion and notice of hearing scheduled for December 19, 1973, was mailed to Eldred. On December 15, 1973, Virginia filed a motion in the *Johnson* Circuit Court demanding the return of the child to her. On December 17, 1973, Virginia and Eldred were present at a hearing in the Johnson Circuit Court, which found, pursuant to KRS 452.470, that it had venue. It concluded that Eldred's parents should have temporary custody of Janette during the pendency of the divorce action.

On December 19, 1973, a custody hearing occurred in the *Boyd* Circuit Court at which Eldred was not present. That court determined it had venue and awarded temporary custody of the child to Virginia.

■ Since Virginia had instituted divorce proceedings in the Boyd Circuit Court before Eldred instituted his action, it is our opinion that the Boyd Circuit Court was the proper court to determine the factual issue of venue. See 21 C.J.S. Courts § 492 (1940).

■ The petition is therefore sustained and respondent is prohibited from proceeding further in the action before him unless and until it be determined by the Boyd Circuit Court or by this court that the Boyd Circuit Court does not have venue, and respondent is directed to honor the order of child custody entered by the Boyd Circuit Court.

All concur.