**Charles David MARTIN, Petitioner,**

v.

**Honorable William G. FUQUA, Judge, Todd Circuit Court, Respondent.**

Supreme Court of Kentucky.

July 26, 1976.

Tom Osborne, Osborne & Deatherage, Hopkinsville, for petitioner.

W. Douglas Myers, Keith, Scent & Osborne, Hopkinsville, for respondent.

PER CURIAM.

The petitioner, Charles David Martin, seeks an order of this court prohibiting the respondent judge of the Todd Circuit Court from further proceeding with a divorce action filed in his court by the petitioner's wife, Phyllis Martin. The basic ground for

such relief is petitioner's allegation that when the action in respondent's court was commenced Phyllis did not "usually reside" in Todd County as required by KRS 452.470, the venue statute. We assume jurisdiction of the proceeding pursuant to Const. § 110 (2)(a) and (b) only because the Court of Appeals is not yet organized and ready to function. "Uniformly . . . this court has exercised its discretionary powers under Constitution § 110 to consider the merits of venue questions in divorce actions." *Burke v. Tartar,* Ky., 350 S.W.2d 146, 148 (1961).

The Martins married in 1970 and resided in Hopkinsville, Christian County, Kentucky, from 1972 until the events culminating in this litigation occurred. In September of 1975 they had a falling-out and she went to the home of her parents in Todd County, shortly after which she brought suit for a divorce in the Todd Circuit Court. Several days later the parties were reconciled, temporarily at least, and Phyllis returned to the marital home in Hopkinsville. The Todd County action hung in abeyance. On the night of May 10, 1976, following another argument with Charles, Phyllis went back to the home of her parents in Todd County, and on the next day, May 11, 1976, she filed and had summons issued on an amended complaint for divorce in the Todd Circuit Court. On the same day Charles commenced a divorce proceeding against Phyllis in the Christian Circuit Court.

The record before us does not disclose the times of the day on May 11, 1976, when the respective actions were commenced in Todd County and Christian County.[1] Summons in the Christian County suit was served on May 13, 1976, and in the Todd County suit on May 15, 1976, but that is of no moment because it is the commencement of the action that governs the order of preference, as between the two trial courts, in determining the issue of venue. We say "order of preference" in order to emphasize that we are not dealing with a question of jurisdiction. Cf. *Burke v. Tartar,* Ky., 350 S.W.2d 146, 148 (1961). Both courts have jurisdiction to hear divorce actions and thus have subject-matter jurisdiction, and each court has jurisdiction of the parties through service of process. It is just a matter of "right-of-way," or traffic regulation.

On May 12, 1976, the Christian Circuit Court entered an order granting to Charles temporary custody of the 5-year-old child of the parties. On May 13, 1976, the Todd Circuit Court entered a similar order in favor of Phyllis. On June 2, 1976, pursuant to a motion by Charles for dismissal on the ground of improper venue, the Todd Circuit Court conducted an evidentiary hearing, on the basis of which the respondent, as judge of that court, dictated findings and conclusions to the effect that on May 11, 1975, when her amended complaint was filed, Phyllis had in good faith removed her residence to Todd County within the meaning of KRS 452.470. Therefore, on June 4, 1976, the Todd Circuit Court entered an order denying Charles' motion to dismiss on the ground of improper venue.

Following this determination of the venue question by the Todd Circuit Court, Phyllis moved the Christian Circuit Court for dismissal of the action in that court, and on June 14, 1976, the motion was granted by an order vacating the May 12, 1976, custody order and dismissing the action. Later, however, pursuant to a motion by Charles, the Christian Circuit Court on June 16, 1976, vacated its order of June 14, 1976, pending further proceedings. That brings the procedural history of the two cases to this point except for one further detail, which is that Charles presently is under a rule from the Todd Circuit Court to show cause why he should not be held in contempt for failure to comply with its custody order of May 13, 1976.

All other things being equal, under *Blanton v. Sparks,* Ky., 507 S.W.2d 156, 157 (1974), the court in which the second

1. It was held in *Blanton v. Sparks,* Ky., 507 S.W.2d 156, 157 (1974), that the first court in which a divorce action was commenced is "the proper court to determine the factual issue of venue."

action is filed should hold the litigation in that court in abeyance until the court in which the first action was brought has had an opportunity to resolve the issue of venue. In this instance the record does not show which action was filed first, but since the question of venue was first reached and decided by the Todd Circuit Court there is no substantial reason why that should not end the matter, subject, of course, to the right of appeal following final judgment. See *Turner v. Gentry,* Ky., 402 S.W.2d 104, 105 (1966).

■ There is no compelling reason for this court to preempt the venue question when all of the matters before the trial court are appealable. Both parties having sued for divorce, it may be assumed that

neither of them will be aggrieved by a judgment dissolving the marriage, regardless of which court enters it. Hence the only unappealable aspect of such a judgment becomes irrelevant, and there is no necessity for us to pass on the merits of the venue question as decided by the Todd Circuit Court.[2]

Prohibition is therefore denied.

All concur, except JONES, J., not sitting.

2. It was the opinion of the Todd Circuit Court that the precipitous circumstances of Phyllis' departure from the home in Hopkinsville on the night of May 10, 1976, were such that her failure to take with her at that time a "substantial portion of her belongings" was not a dispositive impediment to a transfer of residence under the rationale of *Sebastian v. Turner,* Ky., 320 S.W.2d 794, 795 (1959). To that we might add the observation that regardless of its being listed in *Sebastian* as in the nature of a *sine qua non,* the removal or nonremoval of one's belongings can amount to no more than evidence of intent.