John Edward COTTRELL, Appellant,

v.

Ethel Lynn COTTRELL, Real
Party In Interest;

and

Judge Margaret Huddleston, Appellees.

No. 2001–CA–000791–MR.

Court of Appeals of Kentucky.

July 12, 2002.

Discretionary Review Denied by
Supreme Court Sept. 10, 2003.

William R. Wilson, Burress & Wilson,
Shepherdsville, KY, for Appellant.

William S. Haynes, Hodges & Haynes,
Bowling Green, KY, for Appellee.

Before EMBERTON, Chief Judge;
DYCHE and MILLER, Judges.

EMBERTON, Chief Judge.

This is an appeal from the denial of appellant's petition for injunctive relief in which he sought an order prohibiting the Warren Family Court from enforcing its domestic violence order entered February 26, 2001. Appellant contends that the trial court erred in refusing to follow precedent he cited in support of his petition and mischaracterized the nature of matters pending in the Bullitt Circuit Court. We disagree and affirm.

The trial court made the following findings which appellant does not dispute. On December 6, 2000, the Bullitt Circuit Court entered a decree dissolving the marriage of John Edward and Ethel Lynn Cottrell. Incorporated into that decree was an agreed order dated February 10, 2000, making the parties joint custodians of their two young children, as well as providing that appellee would be the primary residential custodian. Property division issues were reserved for later determination. Prior to the filing of the dissolution action, appellee and the children had returned in January 2000, to her parents' home in Warren County where they have continued to reside since that date.

With respect to the proceedings that precipitated this appeal, the trial court noted that a pretrial conference was scheduled in the Bullitt Circuit Court on February 21, 2001, to resolve the remaining issues in the dissolution action. Prior to the scheduled conference, the Cabinet for Families and Children commenced an investigation into whether appellant had physically abused the children. After be-

ing notified that the investigation would not be completed prior to appellant's next scheduled visitation, appellee's counsel filed a motion to suspend visitation to be heard at the February 21 pretrial conference. However, the domestic relations commissioner refused to consider the motion because the investigation into the abuse allegations had not been completed.

Appellee's counsel then filed a petition for an emergency protective order in Warren County which was granted on February 22, 2001, and a hearing on the matter was set for February 26, 2001, in the Warren Family Court. At 11:59 a.m., on February 22, 2001, Judge Waller of the Bullitt Circuit Court granted appellant's motion for an order restraining appellee from filing a petition for domestic violence in any forum other than the Bullitt Circuit Court and suspended visitation until there could be a hearing before the domestic relations commissioner. Subsequently, on February 26, 2001, appellant sought and obtained a second order enjoining and restraining the appellee and the Warren Family Court from proceeding with the domestic violence action other than to dismiss the action.

That same day, Judge Margaret Huddleston of the Warren Family Court proceeded with the scheduled hearing on the previously entered DVO. At that time, Judge Huddleston was informed by appellant's counsel of the restraining order which had been issued by the Bullitt Circuit Court. Nevertheless, after hearing testimony from the Cabinet for Families and Children and from a social worker for LifeSkills who had interviewed the children, Judge Huddleston, ignoring the attempt of the Bullitt Circuit Court to restrain her from proceeding, concluded that there was sufficient evidence to warrant the issuance of a domestic violence order and directed appellant to stay 2,500 feet away from appellee and the children.

Appellant's counsel again appeared before Judge Huddleston on March 5, 2001, requesting dismissal of the DVO. After she denied his request, appellant filed a petition in the Warren Circuit Court to prohibit Judge Huddleston from further proceedings in the matter and to require her to hold the domestic violence action in abeyance pending conclusion of the proceedings in the Bullitt Circuit Court. The circuit court concluded that Judge Huddleston was not bound by the restraining order issued by the Bullitt Circuit Court and that she did not exceed her authority in issuing a DVO against appellant. We find no error in the trial court's analysis of the facts or the law.

Appellant first argues in this appeal that the trial court erred in refusing to follow a line of cases holding that a court maintaining a senior action and concurrent jurisdiction may enter any necessary orders to enjoin the parties and other court's from conducting further proceedings in a junior action.[1] In rejecting appellant's contention that these cases required dismissal of the domestic violence action in Warren County, the trial court noted that these cases are essentially intended as "traffic control" among competing venues in which the same relief is sought. What is important, none of the cited cases involved petitions for DVOs. The Warren Circuit Court specifically concluded that the relief provided by the legislature in KRS[2] 403.715, et seq., is not identical to the matter that was pending in the Bullitt Circuit court;

1. See Delaney v. Alcorn, 301 Ky. 802, 193 S.W.2d 404 (1946); Blanton v. Sparks, Ky., 507 S.W.2d 156 (1974); and Martin v. Fuqua, Ky., 539 S.W.2d 314 (1976).

2. Kentucky Revised Statutes.

thus, appellee had a right to seek the protection of that statute in Warren County.

We are in complete agreement with the decision of the Warren Circuit Court. The plain language of KRS 403.725(1), which provides for the filing of a petition for a DVO in the county of the petitioner's residence, also supports the trial court's decision in that it requires a petitioner to make known to the court "any custody or divorce actions, involving both the petitioner and the respondent, *that are pending in any Circuit Court in the Commonwealth.*" (Emphasis added). It thus appears that the legislature did not consider domestic violence protection to be the same relief provided by custody or divorce proceedings. The action appellant labels "forum shopping" was nothing more than an attempt by a mother to obtain protection for her children in a forum provided by the legislature. In our opinion, the relief appellant seeks in this appeal would render ineffectual the very protections our domestic violence statutes were enacted to provide.

Finally, we find no merit to appellant's complaint that the Warren Circuit Court mischaracterized the proceedings in the Bullitt Circuit Court.

The judgment of the Warren Circuit Court is affirmed.

ALL CONCUR.