# Old Blue Ribbon Distillers, Inc., v. Holbert, Judge.

Feb. 7, 1939.

WM. A. SCHUBERTH and B. P. WOOTTON for petitioner.

HUBERT MEREDITH, Attorney General, and JESSE K. LEWIS, Assistant Attorney General, for respondent.

OPINION BY JUDGE REES—Dismissing petition.

This is an original action filed in this court by the petitioner against Hon. G. K. Holbert, Judge of the Hardin circuit court, seeking a writ of prohibition to prevent him from proceeding further in an action pending in the Hardin circuit court in which the petitioner is the defendant.

The petition failed to state any facts showing the nature of the action in the Hardin circuit court, and it was impossible to determine upon what grounds the writ was being sought except it was alleged that the Hardin circuit court was without jurisdiction. A demurrer to the petition was sustained, and an amended petition has been filed from which it appears that the Commonwealth of Kentucky has filed in the Hardin circuit court its petition to revoke and cancel the articles of incorporation of the Old Blue Ribbon Distillers, Inc., which were filed in Meade county in 1934, and to cancel

its charter issued by the Secretary of State. It is also alleged that summons was served on Russell Ditto, petitioner's duly appointed agent for the process of service, who resides in Meade county. It is also alleged that petitioner has no adequate remedy at law, and that it will suffer irreparable injury if the respondent is permitted to proceed in the case.

As pointed out in Old Blue Ribbon Distillers, Inc., v. Caldwell, 273 Ky. 378, 116 S. W. (2d) 653, the original jurisdiction of this court under section 110 of our Constitution can only be invoked (1) where the court sought to be prohibited is proceeding entirely without jurisdiction, and the petitioner in this court will thereby sustain great and irreparable injury for which there is no adequate remedy at law; and (2) where the court may be proceeding within its jurisdiction by exercising it erroneously to the great detriment of the petitioner and wherein he has no adequate remedy at law. Numerous cases are cited in that opinion.

Petitioner's allegations that it will suffer great and irreparable injury are mere conclusions. No facts are alleged showing that an appeal from any judgment rendered by the Hardin circuit court will not afford it an adequate remedy. It is alleged that it will suffer loss of business if a judgment is entered cancelling its charter, although the judgment is suspended pending an appeal. This is a mere conclusion, and is not sufficient to confer original jurisdiction upon this court under section 110 of the Constitution, as a reference to the cases cited in Old Blue Ribbon Distillers, Inc., v. Caldwell, supra, will disclose. The result would have been the same if the Commonwealth had instituted the action in the Meade circuit court or the Campbell circuit court, either of which petitioner concedes would have had jurisdiction.

We find no grounds stated showing that an appeal will not afford petitioner an adequate remedy. As pointed out in Rush v. Childers, 209 Ky. 119, 272 S. W. 404, the supervisory power conferred upon this court by section 110 of the Constitution is wholly independent of any question of jurisdiction in the inferior courts, but in no event will it be exercised unless the failure to call it into use will eventuate in a manifest injustice for which the petitioner for the writ has no other adequate remedy. In Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395, 397, we said:

"We have seen that the fact of erroneous exercise of jurisdiction *alone*, although no correcting remedy exists, will not of itself authorize the issuing of the writ. There must be added to that situation the further element of 'great and irreparable' injury, damage, or injustice."

This court will not exercise supervisory control over an inferior court by an original writ except "in extraordinary cases, when the exigencies are so exceptional that no other remedy is adequate to prevent a miscarriage of justice." Clapp v. Sandidge, 230 Ky. 594, 20 S. W. (2d) 449, 451.

The facts alleged in the petition before us do not bring it within this rule, and therefore the demurrer to the petition as amended is sustained, and the petition is dismissed.