Horace B. SLAUGHTER, Petitioner,

v.

Hon. McCauley L. SMITH, Judge, Jefferson Circuit Court, Chancery Branch, First Division, et al., Respondents.

Court of Appeals of Kentucky.

Sept. 26, 1958.

Ernest Woodward, Woodward, Hobson & Fulton, R. I. McIntosh, Louisville, for petitioner.

Greenebaum, Barnett & Wood, Louisville, for respondents.

CULLEN, Commissioner.

Horace B. Slaughter, a stockholder in the Anderson Woodworking Company, brought a stockholder's derivative suit on behalf of the company against Frank C. Anderson and Sidney W. Anderson (brothers) and against a number of corporations which the Anderson brothers had organized and were in control of. He alleged that the Anderson brothers, individually and through the various other corporations which they had set up, had diverted business and profits from the Anderson Woodworking Company, in violation of the rights of the stockholders of the latter company. He prayed for a judgment directing a dissolution of the other corporations and a transfer of their assets to the Woodworking Company, and for a personal judgment against the Anderson brothers.

Slaughter owns 2.31 percent of the stock of the Woodworking Company, and the Anderson brothers and members of their families own substantially all of the rest of the stock.

The case was referred to a special commissioner, who submitted a report finding that the defendants had wrongfully diverted approximately $1,000,000 in business and profits from the Woodworking Company but recommending that because of the practicalities of the situation judgment should not be entered in favor of the Woodworking Company for this amount, and requiring a liquidation of the other corporations, but rather that a personal judgment be entered in favor of Slaughter for approximately $23,000, constituting a percentage of the total amount diverted equal to the percentage of stock owned by Slaughter.

The trial judge announced that he proposed to enter a judgment in accordance with the commissioner's recommendation. Slaughter then filed in this Court the instant original proceeding, in which he seeks an order prohibiting the trial judge from entering the proposed judgment.

It is the contention of Slaughter that the proposed judgment is one which the trial court has no jurisdiction to render, and he is entitled to an order of prohibition on the ground that the trial court is proposing to act wholly beyond its jurisdiction. He asserts that in cases where the inferior court wholly lacks jurisdiction it has been the policy of the Court of Appeals to grant prohibition even though a remedy by appeal exists. He also asserts that he has made a showing that he will suffer irreparable injury from the delay of an appeal.

It is contended that the proposed judgment is beyond the jurisdiction of the trial court to render because Slaughter individually is not a party to the action, no personal judgment in his favor has been prayed for, and under the law governing stockholders' derivative suits judgment can be entered only in favor of the corporation, and not in favor of an individual stockholder.

We will assume for the purposes of this opinion, but we do not decide, that the trial court has no jurisdiction to render the proposed judgment. However, we are not convinced that the remedy by appeal is so inadequate as to require a resort to the remedy of prohibition.

■■ The supervisory power vested in the Court of Appeals by Section 110 of the Kentucky Constitution is designed for use

in extraordinary cases when the exigencies are so exceptional that no other remedy is adequate to prevent a miscarriage of justice. Old Blue Ribbon Distillers v. Holbert, 276 Ky. 687, 125 S.W.2d 253. Although the fact that a remedy by way of appeal is available will not prevent the issuance of an order of prohibition, this Court will be slow to use its extraordinary supervisory power where there is a right of appeal, and will always consider the adequacy of the remedy by appeal. Chamblee v. Rose, Ky., 249 S.W.2d 775.

Some confusion exists because the petitioner here for the order of prohibition is "Horace B. Slaughter"—not the Anderson Woodworking Company. Obviously, Slaughter could not be injured in any way, individually, by the proposed judgment. In fact, he would benefit by the judgment. So if he be treated as the real petitioner, he has shown no grounds for any relief. However, if the petition be treated as really being made on behalf of the Woodworking Company, the question is presented as to whether the Company will suffer substantial injury by being compelled to resort to the remedy of appeal.

The only allegations of the petition touching on the question of injury pending appeal are that "the total amount of property *listed for taxation* by each of the defendants, Anderson, is less than $25,000.00, and both *are* and would be insolvent, if and when required to repay the amount of their misappropriations (our emphasis)," and that "a delay incident to an appeal from the final judgment in said original action would enable the defendants to make it impossible for the Anderson Woodworking Company, or the plaintiff, Slaughter, to collect any judgment rendered against them * * *."

The latter allegation is nothing more than a conclusion, and does not recite in what way or by what methods the defendants will make it impossible for the Woodworking Company to collect a future judgment in its favor. The first allegation does not state that the Anderson brothers will be less able to pay a judgment in the future than they are now. There is no allegation that the various corporations set up by the Anderson brothers will not be financially responsible.

The proposed judgment contains a provision enjoining the Anderson brothers from causing to be paid to themselves, until the further order of the court, any salary or dividends from any of their various corporations. This would seem to furnish adequate protection pending an appeal.

It is our opinion that the petitioner has not shown that the remedy by appeal would be so inadequate as to entitle the petitioner to extraordinary relief from this Court. Actually, the petitioner is in no different position than any other plaintiff seeking recovery of a money judgment, who has been denied judgment in the lower court.

We have limited our consideration to that portion of the proposed judgment providing for a money recovery. There is a further provision in the proposed judgment ordering Slaughter to sell his stock to the Anderson brothers at the book value. It would appear that such injury might result from this wholly unauthorized provision as to warrant a prohibitory order. However, in the response filed in this proceeding by the circuit judge he in effect concedes that this provision is improper, and we assume that the judgment ultimately entered will not contain this provision.

The petition for an order of prohibition is denied.