COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Petitioner,

v.

Elvis J. STAHR, Judge, and Marie E. Sutton,
Respondents.

Court of Appeals of Kentucky.

Nov. 3, 1961.

F. D. Curry, Dept. of Highways, Frankfort, for petitioner.

E. W. Rivers, Williams & Rivers, Paducah, for respondents.

WILLIAMS, Judge.

In this original proceeding we are asked to prohibit Judge Elvis J. Stahr of the Graves Circuit Court from entering an order setting aside a judgment of the Graves County Court. Motion for a temporary order of prohibition has heretofore been sustained by this Court.

The Commonwealth of Kentucky, Department of Highways, instituted a condemnation proceeding in the Graves County Court on April 23, 1959. Judgment was entered on June 29, 1959. On January 17, 1960, Marie E. Sutton, the property owner, moved the Graves County Court to set aside the judgment. On December 13, 1960, the motion was overruled and on January 7, 1961, appeal from the order overruling the motion was taken to the Graves Circuit Court. Following a hearing Judge Stahr was about to cause a judgment to be entered which would declare the county court judgment to be erroneous and order the action remanded to the county court with directions that it enter an order sustaining a motion to set aside its judgment. As heretofore indicated, a temporary order of this Court prohibited the entry of the circuit court judgment.

The property owner's motion to set aside the judgment of the county court was made pursuant to CR 60.02. Under certain circumstances that rule permits a court to relieve a party from final judgment upon

proper motion being made within a reasonable time. Having properly proceeded under the rule, and having been denied the relief sought, the property owner made a timely appeal to the circuit court. Although KRS, Chapter 177, sets out the specific manner in which an appeal in a condemnation case shall be taken from the county court to the circuit court, it has no application here since the appeal was from an order overruling a motion under CR 60.02.

■■ An order of prohibition may issue from this Court in cases where the trial court (1) lacks jurisdiction or is proceeding beyond its jurisdiction, or (2) is proceeding erroneously within its jurisdiction and great and irreparable injury will result to the complaining party for which there is no adequate remedy by appeal or otherwise. Swaim v. Reid, Ky., 342 S.W.2d 687; Murphy v. Thomas, Ky., 296 S.W.2d 469; Manning v. Baxter, 281 Ky. 659, 136 S.W.2d 1074. The property owner's motion to set aside the judgment of the county court was overruled by that court and relief sought under CR 60.02 was *denied*. It has been held that an order denying such relief is appealable. Hackney v. Hackney, Ky., 327 S. W.2d 570; Hardin v. Waddell, Ky., 316 S. W.2d 367. The circuit court therefore was proceeding within its jurisdiction on the appeal from the county court.

■■ We do not reach the question of whether the circuit court was proceeding erroneously and whether irreparable injury would result, because there is an adequate remedy available by appeal. Although the judgment which the circuit court was about to enter recites that it is a final order, such recitation does not make it so. It does not finally determine the claim, and consequently is not appealable. However, the judgment of the circuit court directs the county court to set aside its judgment of June 29, 1959. After this is done another judgment will be entered by the county court. From the latter judgment an appeal may be taken to the circuit court in accordance with the provisions of KRS, Chapter 177, and from the final judgment of the circuit court appeal may be taken to this Court. All of the steps taken and the proceedings had, including the circuit court's order setting aside the judgment of the county court, will then be subject to review by this Court. The petitioner's remedy by appeal is adequate.

The petition for order of prohibition is denied.