Taylor FULLER and Teamsters Local 779 et al., Appellants,

v.

The PEPSI–COLA BOTTLING COMPANY OF LEXINGTON, KENTUCKY, INC., Appellee.

Court of Appeals of Kentucky.

Sept. 23, 1966.

John C. Anggelis, Anggelis & Collis, Lexington, for appellants.

Robert F. Houlihan, Stoll, Keenon & Park, Lexington, Hulse Hays, Jr., William K. Engeman, Taft, Stettinius & Hollister, Cincinnati, Ohio, for appellee.

HILL, Judge.

Appellants, plaintiffs in the trial court, undertake by this appeal to reverse the judgment of the trial court dismissing the complaint in which they prayed for the enforcement of an *ex parte* arbitration award by a union arbitrator not participated in by the arbitrator appointed by the appellee-defendant company.

Appellant Taylor Fuller was a route salesman in the vicinity of Lexington, Kentucky, for appellee Pepsi-Cola Bottling Company. Teamsters Local 779 was the collective bargaining agent for Fuller.

Appellant Taylor Fuller was discharged by the appellee on October 16, 1963. Previously, and on August 7, 1962, the union and company entered into a written collective bargaining agreement. The interpretation of this agreement must determine this litigation. So far as is material here, Article V provides:

"Any complaint of the violation or infraction of any section of this agreement shall first be submitted by the aggrieved employee to the Union who shall immediately notify the plant manager and endeavor within one week to settle the matter satisfactorily to both parties. Should the employee and Union representative, however, be unable to settle same with the plant manager within said period of time, then the complaint shall be specifically reduced to writing and presented to the Company. Within seven days thereafter, the Union shall name an arbitrator and the Company shall name an arbitrator and these two arbitrators will endeavor to resolve said difficulty. If said two arbitrators are not able to do so within a period of ten days, then they shall immediately attempt to select a third arbitrator. If they fail to agree on the selection of said third arbitrator for a period of ten days, either arbitrator may apply to and request the Federal Mediation and Conciliation Service to submit a panel of five persons, one of whom shall serve as such third arbitrator. The party requesting arbitration shall strike one of the nominees and the other party shall strike one of the nominees until there remains only one nominee who shall serve as a third arbitrator.

"The third arbitrator shall meet with the other two arbitrators within ten days after his appointment. The matter or matters in dispute shall then be decided by · a majority of said arbitrators. They shall promptly notify the Company and Union, in writing, of their decision and the parties hereto shall be bound thereby."

On October 18, 1963, two days after Fuller's discharge, a record of grievance required by the bargaining agreement was submitted by the union to the company. On October 21, 1963, at a meeting of representatives of the union and the company, the latter declined to reinstate Fuller. On October 28, 1963, John C. Anggelis was appointed by the union as its arbitrator. The company having failed to designate its arbitrator, the union arbitrator proceeded to make an *ex parte* award reinstating Fuller, notice of which was given the company on November 18, 1963.

On December 13, 1963, the company appointed Hulse Hays as its arbitrator. The union took the position the company had forfeited its right to arbitrate by reason of its failure to designate an arbitrator within the time provided in the contract and filed this action January 7, 1964, seeking the enforcement of the *ex parte* award made by Anggelis.

It is conceded by all that in labor disputes of the nature involved here federal law shall govern. Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972.

■ Both federal and state courts have jurisdiction of actions to enforce labor agreements. Cf. Harbison-Walker Refractories Co. v. United Brick & Clay Workers of America, AFL–CIO Local No. 702, Ky., 339 S.W.2d 933.

■ It may be said as a general proposition, "the settlement of disputes between labor and management by fair and intelligent arbitration is favored by the courts." 31 Am.Jur., Jury, Section 371. Also Norwalk Teachers' Association v. Board of Education of Norwalk, 138 Conn. 269, 83 A.2d 482, 31 A.L.R.2d 1133.

■ It is elementary contract law that the courts will undertake to enforce the contract according to its terms. In the present case, appellant union contends the failure of the company to appoint its arbitrator within the time provided by the contract authorized it (the union) to proceed with a unilateral or *ex parte* determination of the dispute and cited Harbison-Walker Refractories Co. v. United Brick & Clay Workers of America, AFL–CIO Local No. 702, supra, as justification for that position. Harbison-Walker is distinguishable from the facts of the present case in that in the former the contract specifically provided that in event the company failed to designate an arbitrator the union had a right under the contract to "[request] appointment of an arbitrator by the American Arbitration Association," which was clearly an alternative plan of arbitration. In the present case no alternative plan is provided. The contract is silent as to the procedure to be followed in event either party failed to appoint its arbitrator. In such a situation, the remedy of the party not in default was a suit to enforce arbitration, not a suit to enforce a unilateral arbitration award not provided for in the contract. Cf. Food Handlers Local 425, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO v. Pluss Poultry, 8 Cir., 260 F.2d 835.

It is concluded the rule applied in Pluss Poultry, supra, must govern the rights of the parties in the present case. In Pluss Poultry, the contract did not provide for an *ex parte* award in event one party refused to appoint an arbitrator. The contract in the present case is very similar to that in the Pluss Poultry case. The two contracts are identical in that they do not provide for *ex parte* award. It was concluded in Pluss Poultry that:

"The District Court found no authority to support the ex parte award made by Mr. Barnhart in any precedents or in the statutes and we find none. The award was therefore void and unenforceable and the judgment of dismissal of the action must be affirmed."

Appellant relies on Kentucky River Mills v. Jackson, 6 Cir., 206 F.2d 111, 47 A.L.R. 2d 1331, but Jackson is distinguishable for the good reason that the arbitration agreement therein provided: "If either party fails to appoint an arbitrator within seven (7) days after receiving the other party's nomination of an arbitrator, the *one arbitrator nominated may act as sole arbitrator*." (Emphasis ours)

It is concluded the judgment appealed from fairly interpreted the arbitration agreement as it was written and should be and is affirmed.