**Roy G. BROWN et al., Petitioners,**

**v.**

**Honorable W. R. KNUCKLES, Judge, Bell Circuit Court, Respondent.**

Court of Appeals of Kentucky.

March 31, 1967.

Joe Nagle, Denham, Ralston & Nagle, Middlesboro, for petitioners.

Julian H. Golden, Pineville, for respondents, Meyers and Carroll.

STEINFELD, Judge.

Petitioners demand that the Circuit Judge be prohibited from proceeding in a suit brought by Roy Meyers and Curtis Carroll against Ralph Spade, Roy G. Brown and Tri-State Supply Company, Inc.

In a suit in the Bell Circuit Court Meyers and Carroll alleged that on April 21, 1965 they were engaged in construction work on property owned by Brown and that Tri-State Supply Company had charge of the construction. They claim that Brown, Tri-State and Spade, concurrently and jointly, were negligent in causing a wall to fall, resulting in severe injuries to Meyers and Carroll. The defendants in that action moved to dismiss " * * * because of lack of jurisdiction over the subject matter, or, in the alternative, to hold this case in abeyance pending its adjudication before the Workmen's Compensation Board * * *". They supported the motion with a statement that Meyers and Carroll were employees of Tri-State; that Brown was an officer of Tri-State and entitled to the protection of the Workmen's Compensation law; and that Tri-State had filed application before the Workmen's Compensation Board for adjustment of the claims.

In the petition for writ of prohibition, in addition to the facts which we have just related, it is alleged that Tri-State had paid a substantial amount of money to both Meyers and Carroll; that the Workmen's Compensation Board has " * * * entered an order holding the case in abeyance until the circuit court * * * decided whether or not Carroll and Meyers were independent contractor or employees." A substantial amount of proof was taken by deposition and various affidavits were filed to show the nature of the controversy.

Petitioners charge that they " * * * have no adequate remedy by appeal or otherwise since they are ready, willing and able to litigate this matter before the Workmen's Compensation Board * * * and readily admit that * * * Tri-State * * * through its insurance carrier, is liable to (Meyers and Carroll) in an undetermined amount before said Board." They further contend that if they are forced to try the case in the circuit court they will be put to great expense, both there and before this Court, and then the matter will be returned to the Workmen's Compensation Board for a determination. They assert that they are being deprived of rights which are guaranteed to them by Chapter 342 of the Kentucky Revised Statutes.

The response filed by the Circuit Judge, and the objection to the petition for the writ of prohibition, deny the claims above stated.

A writ of prohibition is an extraordinary remedy authorized by section 110 of the Kentucky Constitution. It is to be used by this Court " * * * when the exigencies are so exceptional that no other remedy is adequate to prevent a miscarriage of justice." Old Blue Ribbon Distillers, Inc. v. Holbert, 276 Ky. 687, 125 S.W.2d 253; Slaughter v. Smith, Ky., 316 S.W.2d 364. The order which the petitioners demand may be issued from this Court only when it appears that " * * * the trial court (1) lacks jurisdiction or is proceeding beyond its jurisdiction, or (2) is proceeding erroneously within its jurisdiction and great and irreparable injury will result to the complaining party for which there is no adequate remedy by appeal or otherwise." Commonwealth of Kentucky, Department of Highways v. Stahr, Ky., 351 S.W.2d 67.

The petitioners allege that the trial court does not have jurisdiction over the subject matter. We do not agree. Kentucky Constitution 126; KRS 23.010; KRS 452.460.

It is claimed that irreparable injury will occur if there is no abatement until the Workmen's Compensation Board acts. The alleged irreparable injury is the expense to be incurred in defending in the circuit court. Petitioners are in no different position from any other defendant who is put to the expense of contesting a claim. Slaughter v. Smith, supra. We do not find the aspect of injustice here which is necessary for prohibition. Schaetzley v. Wright, Ky., 271 S.W.2d 885. The remedy of appeal appears to us to be adequate. Wright v. Ropke, Ky., 393 S.W.2d 796.

The petition is denied.

All concur.