**HENDERSON ELECTRIC COMPANY,**
Petitioner,

v.

**Hon. Wallis DOWNING, Judge Jefferson Circuit Court and Wayne Brown,**
Respondents.

Court of Appeals of Kentucky.

Feb. 21, 1969.

W. Bruce Baird, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for petitioner.

E. P. Sawyer, Louisville, for respondents.

REED, Judge.

This is an original proceeding in this court wherein the petitioner, Henderson Electric Company, seeks an order of prohibition against the respondent, Honorable Wallis Downing, Judge of the Jefferson Circuit Court, Common Pleas Branch, Fourth Division, to prevent him from further proceeding in the disposition of a civil action now pending in his court wherein Wayne Brown is suing the petitioner for back wages allegedly due under a collective bargaining agreement.

It appears that Wayne Brown instituted an action in the Jefferson Circuit Court against Henderson Electric Company seeking back wages which he alleged were due and owing to him under the terms of a collective bargaining agreement between Henderson Electric Company and Construction and General Laborers Local Union No. 576, which was in effect during the period for which these wages were sought. This collective bargaining agreement contained a clause requiring the resolution of disputes and grievances by arbitration in a manner specified in the agreement. The collective bargaining agreement also provided in substance that in addition to the contractual provisions for enforcement of the undertakings the parties also had "recourse to proper relief in the manner provided by law."

Immediately after Brown's action was commenced, Henderson Electric Company raised the issue that Brown had not exhausted his remedies under the collective bargaining agreement in that he had not invoked the arbitration procedure. The respondent trial judge declined to dismiss the action but ordered Brown to attempt arbitration. Henderson Electric Company filed an answer to Brown's complaint. Arbitration proceedings were had and resulted in a decision by the arbitrators that Brown's claim should be denied.

Henderson Electric Company moved the respondent trial judge to specifically enforce the decision of the arbitrators and to

dismiss Brown's action against it. Brown moved the court to assign his case for a trial by jury. The trial judge overruled Henderson Electric Company's motions to specifically enforce the arbitration decision and to dismiss the pending action and ordered a jury trial to be held.

■ Petitioner, Henderson Electric Company, admits that the trial court properly acquired jurisdiction of Brown's pending action. Cf. Fuller v. Pepsi-Cola Bottling Company of Lexington, Kentucky, Ky., 406 S.W.2d 416.

Henderson Electric Company argues in support of this petition that the respondent trial judge is acting erroneously to its great and irreparable injury and that it has no adequate remedy by appeal.

The only arguments advanced concerning the inadequacy of the remedy by appeal are: (a) that to permit the action to proceed to final judgment will subject the petitioner to unfavorable publicity affecting its employees and potential employees in the labor market of Louisville, thereby damaging its reputation among the groups, and (b) that it will be subjected to unnecessary expense in further litigating this dispute if ordinary procedures of final judgment and appeal are required.

■ The supervisory power vested in this court by Section 110 of the Kentucky Constitution is designed for use in extraordinary cases when the exigencies are so exceptional that no other remedy is adequate to prevent a miscarriage of justice.

■ Although the fact that a remedy by way of appeal is available will not prevent the issuance of an order of prohibition, this court is slow to use its extraordinary supervisory power where there is a right of appeal and will always consider the adequacy of the remedy by appeal. Slaughter v. Smith, Ky., 316 S.W.2d 364; Coleman v. Schmid, Ky., 434 S.W.2d 810.

■ It is our conclusion that petitioner has failed to satisfactorily demonstrate the inadequacy of the remedy by appeal from an adverse final judgment if such judgment is entered. Its fears concerning its public image among employees and potential employees by reason of a jury trial and its apprehension concerning the expense of litigation can hardly be characterized as exceptional circumstances which would justify us in invoking our supervisory power.

We express no opinion as to whether the respondent's action in submitting this case to a jury trial is erroneous or proper. We are holding that petitioner's showing as to the inadequacy of its remedy by appeal is completely insufficient and amounts to nothing more than an invitation to us to allow a direct appeal from an interlocutory order.

The petition for an order of prohibition is denied.

All concur.