Edward M. GOETZ, Administrator of the Estate of Edwin Martin Goetz, deceased, Petitioner,

v.

Honorable J. Howard HOLBERT, Judge, Hardin Circuit Court, Respondent.

Court of Appeals of Kentucky.

Dec. 12, 1969.

Richard A. Robertson, Robertson & Robertson, Bartlett, McCarroll & Nunley, Owensboro, Hobson L. James, Elizabethtown, for petitioner.

James M. Collier, Elizabethtown, for respondent.

REED, Judge.

This original action seeks an order of prohibition against the respondent, Honorable J. Howard Holbert, judge of the Hardin Circuit Court.

Petitioner filed a wrongful death action in the Hardin Circuit Court against Nolin Rural Electric Cooperative Corporation. The damages sought exceed $250,000. When the case became ready for trial, a petit jury panel was drawn and summoned. Petitioner alleges that he discovered that many of the prospective jurors drawn and summoned were members of the Rural Electric Cooperative Corporation, the defendant in the case. Petitioner contends that such members are really part owners of the enterprise, are certainly financially interested in the success of the enterprise, and, therefore, occupy the same status as stockholders of a corporation. The argument made is that by reason of financial interest they are disqualified as jurors in the pending action. Petitioner made a motion to excuse and disqualify as jurors all members of the defendant cooperative. The court overruled the motion. Whereupon, petitioner instituted this proceeding seeking an order of prohibition by the terms of which the respondent trial judge would be restrained from impaneling any jury to try the case containing members of the defendant.

Petitioner relies upon a Missouri case which holds that a member of a rural electric cooperative is in the same category as is a stockholder of a private corporation so far as eligibility to serve as a juror in a case in which the entity is a litigant is involved. Ozark Border Electric Cooperative v. Stacy, Mo.App., 348 S.W.2d 586. The question presented has not been decided in this jurisdiction and we have concluded that it would not be proper for us to do so in this proceeding.

The question of whether a juror is properly subject to challenge for cause is reviewable by appeal. Generally the conclusions of the trial judge respecting qualification of jurors will not be disturbed on appeal unless the discretion vested is abused. Brumfield v. Consolidated Coach Corporation, 240 Ky. 1, 40 S.W.2d 356. We have concluded it would not be in the best interest of the orderly administration of justice for us to give a direction to the trial judge in the instant proceeding and thereby, in effect, allow an appeal from a purely interlocutory situation. Even though the remedy on appeal be present, this in itself will not prevent the issuance of an order of prohibition; nevertheless, where there is a right of appeal, this court is slow to use its extraordinary power and will use it only where the remedy by appeal is manifestly inadequate. In the instant action, the only real assertions of inadequacy of the remedy

by appeal are in the time involved and expense necessitated. We have consistently held such showing to be insufficient to demonstrate inadequacy of the remedy by appeal. See Ison v. Bradley, Ky., 333 S.W.2d 784, and Henderson Electric Company v. Downing, Ky., 437 S.W.2d 761.

We wish to make it particularly clear that we are not holding that the trial judge's ruling concerning the qualifications of prospective jurors is not an abuse of discretion, in the event the ruling is finalized. We are holding that in the present action we are not deciding the key issue which is one of first impression in this jurisdiction and are also holding that the petitioner's showing concerning the inadequacy of the remedy by appeal is insufficient. The petition for an order of prohibition is denied.

All concur.