**CARTER GARAGE, d/b/a Thrifty Rent-A-Car, Petitioner,**

v.

**W. C. TIPTON, Judge, Fulton Circuit Court, Respondent.**

Court of Appeals of Kentucky.

March 27, 1970.

Rodney A. Miller, Fulton, for petitioner.

CULLEN, Commissioner.

Carter Garage, d/b/a Thrifty Rent-a-Car, brought a suit in the Fulton Circuit Court against one Harold Montgomery and obtained an attachment against certain funds in the hands of McDade Construction Company claimed to be owed by that company to Montgomery. The latter did not appear in the action but H & M Trucking Company, Inc., intervened and asserted that the attached funds were owing to it rather than to Montgomery. Thereafter, by agreement of the plaintiff and H & M Trucking Company, an order was entered reciting that "this action is ordered dismissed without prejudice and attachment and garnishment is discharged." Eight days later H & M Trucking Company moved that the action be transferred to the active docket and that H & M be allowed to file an amended intervening petition seeking damages for wrongful attachment. Over the protest of the plaintiff, Carter Garage, the motion was granted and H & M filed an amended intervening petition asking $1,300 in damages.

Carter Garage has petitioned this court for an order prohibiting the judge of the Fulton Circuit Court from taking any further proceedings in the action, alleging that the circuit court has no further *jurisdiction* of the action because the action was dismissed. The petition does not allege inadequacy of remedy by appeal, and while it does allege that the petitioner will suffer "great and irreparable damage" it does not indicate how or why.

We are not convinced that the actions of the trial court sought to be prohibited are outside of the court's "jurisdiction" within the meaning of the rules applicable to prohibition. Cf. Duncan v. O'Nan, etc., et al., Ky., 451 S.W.2d 626 (decided February 6, 1970). And in any event, whether the actions are within or are outside of the court's "jurisdiction," the lack of a showing of inadequacy of remedy by appeal is a ground for denying an order of prohibition. See Coleman v. Schmid, Ky., 434 S.W.2d 810, and Slaughter v. Smith, Ky., 316 S.W.2d 364. Further grounds for denial are that there is no showing of great and irreparable injury (the damage claim is only for $1,300), or of an abuse of the judicial processes, a miscarriage of justice, or a misuse or usurpation of authority. See Schaetzley v. Wright, Ky., 271 S.W.2d 885.

The petition for an order of prohibition is denied.

All concur.