Max E. BROUGHER, Petitioner,

v.

Charles M. ALLEN, Judge, Jefferson Circuit Court, Chancery Branch, Fourth Division, Respondent.

Court of Appeals of Kentucky.

Dec. 11, 1970.

Robert C. Carter, Louisville, for petitioner.

Wyatt, Grafton & Sloss, Stewart E. Conner, John Montjoy, Louisville, for respondent.

VANCE, Commissioner.

The petitioner seeks an order of prohibition to prevent the respondent from proceeding further in a civil action pending in the Jefferson Circuit Court on the ground that said court is without jurisdiction.

Petitioner and his former wife, Judith Dean Brougher, were divorced by judgment of a court in the state of Illinois which awarded the custody of children to the mother and directed payment of child support in weekly installments. After the divorce was granted, the petitioner moved to Jefferson County, Kentucky, and Judith Dean and the children became residents of the state of Indiana.

On April 24, 1970, Judith Dean Brougher instituted an action in the Jefferson Circuit Court against petitioner to recover child support payments awarded to her under the Illinois judgment which were alleged to be in arrears. The petitioner answered, admitting the Illinois judgment, but denying any arrearage.

Thereafter an amended complaint was tendered in the Jefferson Circuit Court action which alleged that the award of child

support under the Illinois decree was inadequate because of a change of conditions and sought an increase in the amount of child support. The amended complaint was ordered filed over the objection of the petitioner who contended that the Jefferson Circuit Court was without jurisdiction to modify a judgment of a court of the state of Illinois awarding child support when the father then resided in Kentucky and the mother and the children were domiciled in the state of Indiana.

Any final judgment of the Jefferson Circuit Court in this case would, of course, be subject to review by appeal and petitioner has not alleged that he will suffer any great or irreparable injury nor that his right of appeal is not an adequate remedy in this case.

The supervisory power vested in the Court of Appeals by Section 110 of the Kentucky Constitution is designed for use in extraordinary cases where the exigencies of the situation are so exceptional that no other remedy is adequate to prevent a miscarriage. of justice. Old Blue Ribbon Distillers v. Holbert, 276 Ky. 687, 125 S.W.2d 253 (1939).

Although the fact that a remedy by way of appeal is available does not preclude the issuance of an order of prohibition, this court is reluctant to review in piecemeal fashion the interlocutory orders of a circuit court when the right to appeal is available and will always consider the adequacy of the remedy by appeal. Slaughter v. Smith, Ky., 316 S.W.2d 364 (1958); Chamblee v. Rose, Ky., 249 S.W.2d 775 (1952). Prohibition will generally be denied where the remedy by appeal appears to be adequate. Carter Garage v. Tipton, Ky., 452 S.W.2d 415 (1970); Coleman v. Schmid, Ky., 434 S.W.2d 810 (1968).

We see no reason why petitioner's remedy by way of appeal in this case is inadequate. Prohibition is denied.

All concur.