AETNA OIL CO. v. ROBERTSON et al.

Court of Appeals of Kentucky.

May 8, 1953.

Rehearing Denied June 19, 1953.

Parker W. Duncan, Monticello, Fritz Krueger, Somerset, for appellant.

Leonard E. Wilson and L. C. Lawrence, Jamestown, for appellee.

MILLIKEN, Justice.

On January 29, 1949, the appellant, Aetna Oil Company, executed a written lease to the appellees, O. L. Robertson and Homer Robertson, covering a gasoline service station located at the intersection of Highways No. 35 and 80 in Russell County, Kentucky. The lease contained the following provision with respect to its term:

"2. Term. This contract shall become operative upon the 3rd day of December, 1948, and remain in full force and effect for one year from said date and from year to year thereafter; provided, however, that lessor may terminate the same at any time by giving ten days prior written notice to the lessee."

The lessees took possession under the lease, fulfilled certain collateral duties placed upon them such as paying the taxes, license fees and rent, and obtaining public liability and indemnity insurance. The fact that the lessees have no such privilege of cancellation is not prejudicial to the lessor's right to terminate. It is a matter of contract. Cleveland Wrecking Co. v. Aetna Oil Company, 287 Ky. 542, 154 S.W. 2d 31, 137, A.L.R. 352; Corbin on Contracts, Section 164..

On February 15, 1952, the appellant, lessor, exercised its option to cancel the lease under the quoted provision by giving the lessees a written notice to that effect.

The lessees refused to surrender possession, and a forcible detainer proceeding was instituted in the Russell Quarterly Court. From an adverse judgment of that court, the lessor prosecuted an appeal to the Russell Circuit Court, obtained no relief there, and the appeal to this court followed.

The appellant, lessor, takes the view that the lease, by its terms, was terminable by the lessor at any time upon ten days' written notice, and the appellees, lessees, declare that they have, in effect, only a ten day lease if the lessor's theory is the proper one. In other words, the lessees declare that they have been put to considerable expense, and that the lessor's interpretation is absurd. The lease was drafted by the lessor, and, as a consequence, if there is any ambiguity it should be construed in favor of the lessees.

If the lessor's theory of construction is adopted, then other provisions of the lease such as the provisions as to redelivery, holding over and assignment appear to be surplusage... As a consequence, the principle of construction to be followed is one which makes it possible to give effect to all provisions of the lease. In other words, every part of the lease should be taken into consideration in arriving at the intention of the parties.

The lessees contend that the proper construction to be placed on Section 2 is, that at any time during any one year, at least ten days prior to December 3rd, after written notice of termination had been given, then if appellees held over, after notice, they held from month to month. We cannot accept this interpretation nor can we adopt that advocated by the lessor. The concensus of the court is that under Section 2 the lessees obtained a lease for at least one year beginning the 3rd day of December, 1948, and that during any one year thereafter the lessor might terminate the lease at any time by giving ten days' prior written notice. We are largely persuaded to this view because of the fact that the rent for the station was to be paid at the rate of one cent a gallon on gasoline delivered to the station for sale therefrom, and the requirement that the lessees shall

use the premises primarily for the operation of a gasoline service station and the sale of automobile accessories. Such a means of compensating the lessor obviously requires it to have a readily available means of repossessing the leased premises in order to protect itself.

The judgment is reversed with directions that the lessor be given possession of the premises.

DUNCAN, J., not sitting.