**STATE CONTRACTING AND STONE COMPANY, Inc., a Kentucky Corporation, Hartford, Kentucky, Appellant,**

v.

**James WALKER, Appellee.**

Court of Appeals of Kentucky.

Oct. 26, 1956.

Otto C. Martin, Hartford, G. S. Milam, Russellville, for appellant.

J. Granville Clark, Russellville, for appellee.

WADDILL, Commissioner.

This suit involves a dispute concerning a wage-claim which was asserted under the provisions of KRS 337.530. We consider the appeal from a verdict and judgment for $300 pursuant to KRS 21.080.

The plaintiff, James Walker, alleged in his complaint that he was employed by the defendant, State Contracting and Stone Company, Inc., as a "fireman" on a public road project; that under state regulations fixing wage scales on such projects, he was entitled to the scale established for "firemen"; that defendant failed to pay him wages prescribed for "firemen," and, as a result the defendant is indebted to him in the sum of $1,250. Issue was joined and the case proceeded to trial.

At the conclusion of plaintiff's evidence, the defendant asked for a directed verdict on the ground that plaintiff had failed to sustain his burden of proof. The motion

was overruled. However, at this stage of the proceedings the court permitted the plaintiff over the objection of the defendant, to amend his complaint to state an entirely new basis of recovery. The amendment was to the effect that defendant agreed to pay plaintiff the wage scale prescribed for "firemen."

For reversal, it is urged that the court erred: (1) In overruling defendant's motion for a directed verdict; and, (2) in permitting the plaintiff to amend the complaint, raising a new issue, after the plaintiff had introduced his evidence in chief. Both grounds have merit.

■ Plaintiff's evidence was wholly insufficient to sustain the allegations of the original complaint. There was no evidence that plaintiff was entitled to receive wages as a "fireman" under the state regulation. Moreover, there was a stipulation filed in the case which discloses that plaintiff's employment status was not classified by the state department as a "fireman." Under these facts the court erred in refusing to grant defendant's motion for a directed verdict.

The second ground for reversal concerns the construction of CR 15.01 which provides that leave to amend "shall be freely given when justice so requires." This rule is identical with Fed.Rules Civ.Proc. rule 15(a), 28 U.S.C.A., which was interpreted in Boo v. Dixon, D.C., 43 F. Supp. 214, 215, as follows:

"* * * Liberality in permitting amendments to complaints certainly is not to be stretched to the point of allowing an addition of a wholly different cause of action to a complaint after a jury has been impaneled and sworn, the opposing party objecting to the amendment asked."

■ The record in the instant case shows a more aggravated situation. The court permitted the plaintiff, by amendment, to present a new cause of action subsequent

to the jury's being sworn and after plaintiff had closed his case and had failed to prove his cause of action. Such procedure changed allegations which went to the heart of the issue, and prejudiced the defendant's right to a fair trial. Hence, the court erred in overruling defendant's objections to the amendment being filed

Wherefore, the motion for an appeal is sustained and the judgment is reversed, with directions to enter a judgment dismissing the complaint.