**SHELBY COUNTY BOARD OF EDUCATION, Petitioner,**

**v.**

**Coleman WRIGHT, Judge, Shelby Circuit Court, Respondent.**

Court of Appeals of Kentucky.

May 14, 1965.

against three defendants, one of whom is the school board. In the first trial, held in 1960, substantial verdicts were returned in favor of each of the plaintiffs against all three defendants, jointly and severally. One defendant, Palmer, did not appeal. The other two, being the school board and one James C. Hawkins, appealed the judgment to this court and after two rehearings a mandate was issued pursuant to a memorandum opinion affirming as to Hawkins and reversing with directions for a new trial of the claims against the school board.

The case against the school board was retried in October of 1964 and resulted in a hung jury. Upon the third trial in February of 1965 the jury returned a verdict in favor of the school board. The plaintiffs moved for a new trial, one of the grounds being that the trial court had committed prejudicial error in permitting the testimony given by Hawkins at the first trial to be read as evidence in the third trial (he did not appear in person at the third trial). The trial court sustained the motion on that ground, and it is from this action that the school board now asks relief.

We fully appreciate the vexation and expense that are unavoidable incidents of a re-trial, and we are particularly mindful of the degree of consternation felt by the school board at having its hard-won victory in this long, complicated and fiercely contested case snatched away on a tenuous and what may well be an untenable ground. Nevertheless, the granting of a new trial in this type of case has never been considered as final and appealable. Clay's Kentucky Practice, CR 59.01, Comment 5, and CR 73.01, Comment 4. Resort to the inherent power of this court under Const. § 110 as a substitute for appeal is permitted only under exceptional circumstances in which great injury and injustice, irreparable by appeal, would otherwise result. Bender v. Eaton, Ky., 343 S.W.2d 799 (1961). In Collins v. Wells, Ky., 314 S.W. 2d 572 (1958), granting a new trial when

Charles E. Duncan, Duncan & Lehnig, Louisville, for petitioner.

Kinsolving & Kinsolving, Shelbyville, Marion Rider, Frankfort, for respondent.

PALMORE, Judge.

In this original proceeding before us the Shelby County Board of Education (hereinafter called the school board) seeks to prohibit the respondent, as Judge of the Shelby Circuit Court, from subjecting it to a new trial in a tort case.

The litigation in question involves two death claims and a personal injury claim

"the right of appeal may be preserved and held in abeyance pending a subsequent trial or final disposition of the case" was held not subject to prohibition. "Interminable delay" and economic disadvantage do not constitute "great and irreparable injury" within the context of the extraordinary relief this court will grant under Const. § 110. Ison v. Bradley, Ky., 333 S.W.2d 784 (1960).

It is our conclusion that the circumstances do not justify a departure from the principle that the right of eventual appeal from an order granting a new trial is an adequate remedy.

The relief sought by the petition is denied.