James L. BOYD et al., Appellants,

v.

PHILLIPS PETROLEUM COMPANY, Appellee.

Court of Appeals of Kentucky.

Dec. 16, 1966.

As Modified on Denial of Rehearing
April 28, 1967.

Charles A. Williams, Paducah, for appellants.

T. W. Threlkeld, Waller, Threlkeld & Whitlow, Paducah, for appellee.

J. M. WOLFINBARGER, Special Commissioner.

On June 13, 1958, the appellants James L. Boyd and his wife, Katie Jo Boyd, executed a lease on a tract of land in Ballard County in favor of appellee Phillips Petroleum Company, and it appears that on the same

date a regular long form lease and what is known as a short form contract or lease was entered into, the latter being designated as "S. S. Lease." It is not clear just why both were executed unless that was just a custom of the appellee in the operation of its business. The short form reads as follows:

"S. S. Lease

"KNOW ALL MEN BY THESE PRESENTS:

"That James L. Boyd and Katie Jo Boyd, as Lessor, in consideration of One Dollar ($1.00) and other valuable consideration, hereby demises, leases and lets unto Phillips Petroleum Company, a corporation, with an operating office in Bartlesville, Oklahoma, as Lessee, the following described premises situated in Ballard County, State of Kentucky,

"TO WIT:

"Beginning at a point in center of U. S. Highway 60 north east corner of tract of 3 acres more or less conveyed to James Boyd and Katie Jo Boyd January 24, 1951 by Ralph H. Dodson and wife, Birdie L. Dodson by deed recorded in Deed Book 57, page 496, Ballard County records. Thence southerly and with west line of land now owned by J. B. Morphew 150 feet to stake corner in Morphew's line thence westerly parallel with the highway U. S. 60, 170 feet to stake a new corner thence northerly and parallel with Morphew's west line 150 feet to stake in center of the highway thence easterly with center of highway 170 feet to the beginning.

" * * * together with improvements situated thereon, for a term of twenty (20) years beginning September 1, 1958 with NO renewal option(s).

"This lease is subject to all the conditions, terms and provisions of lease agreement of even date between the parties hereto, which agreement is hereby adopted herein and made a part thereof by reference to the same full extent as if all the provisions thereof were copied in full herein.

"IN WITNESS WHEREOF, the parties hereto have executed this agreement this 13th day of June, 1958.

WITNESS TO LESSOR'S SIGNATURE     James L. Boyd

Robert L. Norris                 Katie Jo Boyd

                                      LESSOR

Clarence Smith

                             PHILLIPS PETROLEUM COMPANY

                             H. L. Miller

WITNESS TO PPCo. Signature:     Assistant DW. Manager

Phil J. Kratzert                             LESSEE"

The part of the lease noted as paragraph 3 of the main contract is the only part of the contract involved in the contention of the parties hereto and it reads as follows:

"3. To have and to hold the above demised and leased premises, and all rights, privileges and appurtenances thereunto belonging unto second party for a period of 20 years beginning 1st day of September, 1958 and for successive periods of one year thereafter unless and until terminated by first party upon notice in writing given at least ten (10) days before the expiration of any one year period; provided that the second party may terminate this lease at any time by giving first party ten days written notice of decision to so terminate."

The sole contention between the parties is a different construction placed upon paragraph 3, as above written. The appellant contends that it was the intention of both parties at the time the contract was entered into, that the lease was a lease for twenty years which could not be revoked by either party for a period of twenty years and termination clause was not and could not be effective until the expiration of the 20 year period, after which either party could terminate the lease by giving the other party a written notice for ten days of the party's intention.

The contention of the appellee, Phillips Petroleum Company, is that the part of paragraph 3, which reads as follows, "Provided that the second party may terminate this lease at any time, by giving first party ten days written notice of decision to so terminate," gives the appellee a right to terminate the lease at any time from the date of the lease by giving the ten days' notice. From these two contentions, it could be said that the writing itself could be ambiguous and it would become necessary for a proper construction to be placed on it by the court.

In placing a construction on this lease, we must first consider all the surrounding circumstances as well as the wording of the contract, including the kind of business of the parties and the matter of which construction would be more reasonable and equitable to all parties concerned and it must be remembered that the proof shows that the contract was prepared by the appellee and where one of the parties prepares the contract, the construction of this contract must be construed more strongly against the party who prepared it than the other party who had no part in the preparation.

We think this contract is clearly a lease for twenty (20) years for an agreed consideration, and it would be hard to imagine the appellant entering into a twenty-year contract which is clearly set out, and borrow the sum of $12,000 to build on the property leased and give the lessee, (appellee) a right to cancel that lease as soon as it was executed upon giving ten days' notice. There can be no reasonable doubt that at the time of the execution of this lease contract, it was intended by both parties that it was a twenty-year lease without a right of either party to terminate it for that length of time and that the termination clause was meant to apply to this lease after the expiration of the twenty years, and that termination clause was to apply to both the lessor and the lessee alike.

This conclusion, we think, is abundantly supported by the case of Aetna Oil Company v. Robertson, Ky., 258 S.W.2d 464.

Therefore, the judgment of the Ballard Circuit Court, granting a summary judgment on motion of the defendant is hereby reversed and the case is remanded to that court for further action not inconsistent with this opinion.