**SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, a Corporation, Appellant,**

v.

**Maylissa Jane CHAPPELLE and Corbin Deposit Bank & Trust Company, Appellees.**

Court of Appeals of Kentucky.

June 2, 1967.

Logan E. Patterson, Robert B. Berger, Pineville, for appellant.

Lohren F. Martin, Sutton & Martin, Corbin, for appellees.

CLAY, Commissioner.

This controversy involves the condition in which appellant is required to restore leased premises upon the termination of two leases. The interests of the two appellees are similar and a judgment was entered in their favor upon consolidation of their claims. The amount of damages was stipulated.

Appellant rented space in two adjoining buildings from the two appellee lessors. The first lease was entered into in 1928, and as time went on, new leases were executed periodically, the last one being dated 1960. During this period appellant needed more and more space and finally ended up occupying the entire second floor of both buildings. From time to time both appellant and appellees made many material alterations in the premises and part of the wall between the buildings was taken out. In addition, partitions, bathroom fixtures, doors and other structural portions of the buildings were altered or removed.

In the leases preceding 1947, while appellant was authorized to make interior alterations, additions and improvements, it was required on the termination of the lease to restore the premises "to the condition they were in when received" by it. In 1947 appellant changed the form of its printed lease and the following provision was substituted:

"Upon the termination of this lease, Lessee shall deliver possession of the leased premises to Lessor *as changed or altered* in the same condition as when received *or as changed or altered*, ordinary wear, tear and deterioration and damage by the elements or unavoidable casualty excepted." (Emphasis added.)

This provision appears in the leases under consideration.

All of the leases contained the customary provision that:

"Lessee agrees to maintain said premises in as good condition as when received * * *."

Appellees contend, and the trial court found, that the last two quoted provisions created an ambiguity and, construing the lease most favorably to the lessors, appellant was required to restore the property to the same condition it was in before any alterations were made. The court also pointed out in its memorandum opinion that the last lease made by appellee Chappelle described the premises as consisting of "ten rooms on the second floor", the dimensions of the rooms being given. As we read the record, those ten rooms were not in existence at the time the 1960 lease was made because of the prior alterations made by both the lessors and the lessee. As a matter of fact, no major alterations were made in the premises after the execution of this last lease.

We find no ambiguity in the leases. The obligation to maintain the premises "in as good condition as when received" is obviously qualified by the right of appellant to make alterations and its obligation to return the premises "as changed or altered". This language is too plain to be ignored. There is just no way to construe it out of the lease, and effect must be given all provisions thereof. Aetna Oil Co. v. Robertson, Ky., 258 S.W.2d 464.

Appellant is willing to restore the premises "in as good condition as when received". In 1960, at which time all substantial alterations had theretofore been made, the fact that the description of the Chappelle premises was in terms of rooms (which was not an accurate physical description of the premises leased) did not change the rights and obligations of the parties under the specific provisions of the lease relating thereto. We believe the trial

**828**

court carried too far the principle of construing an instrument against the party who drew it up.

The judgment is reversed.

All concur.