James L. BOYD et al., Petitioners,

v.

Woodard C. TIPTON, Judge, etc., Respondent.

Court of Appeals of Kentucky.

Sept. 29, 1967.

Charles A. Williams & Associates, Paducah, for petitioners.

T. W. Threlkeld, Waller, Threlkeld & Whitlow, Paducah, for respondent.

MONTGOMERY, Judge.

James L. and Katie Jo Boyd seek an order prohibiting Woodard C. Tipton, Judge, Ballard Circuit Court, from permitting Phillips Petroleum Company to file an amended answer in an action styled Boyd et al. v. Phillips Petroleum Company.

The Boyds executed a lease dated June 13, 1958, in favor of Phillips Petroleum Company. The property was used as a service station. The Boyds sued to collect past due rent. Phillips, by answer and counterclaim, sought to cancel the lease based on paragraph 3 of the main lease. Summary judgment was granted upholding Phillips' construction of paragraph 3, which would have permitted Phillips to cancel the lease on ten days' notice. The summary judgment was reversed and the case was remanded for further action not inconsistent with the opinion rendered therein. Boyd v. Phillips Petroleum Company, Ky., 418 S.W.2d 736.

Upon return of the action, Phillips asked to file an amended answer by which it sought to defend the action on another ground, an alleged breach of a covenant to keep the premises in good repair. Since the respondent has indicated that the filing of the amended answer would be permitted, the Boyds have sought an order prohibiting it.

The Boyds contend that they have no adequate remedy by appeal or otherwise and will suffer great and irreparable injury if the filing is permitted, in that they will be caused to oppose a defense which had been available to Phillips at the time of the filing of their original answer, if at all.

Leave to amend a pleading is discretionary with the trial court. Graves v. Winer, Ky., 351 S.W.2d 193; Farrow v. Downing, Ky., 374 S.W.2d 480. CR 15.01 provides that leave to amend shall be freely given when justice so requires. Clay, CR 15.01, Comments 3 and 4. However, it has been held to be error to permit a plaintiff by amendment to present a new cause of action after he has closed his evidence. State Contracting & Stone Company v. Walker, Ky., 294 S.W.2d 931. Thus, it is questionable whether the filing of an amended answer should be permitted after a summary judgment has been reversed. This is especially so in the light of CR 12.08 concerning the waiver of a defense which a defendant does not present timely.

It is unnecessary to decide whether the decision to permit the filing of the amended answer is error. Whether the trial court has abused its discretion in such instance is a matter reviewable by appeal. Thus, an adequate remedy is available to the Boyds. Prohibition may not be used as a substitute for an appeal. Burke v. Tartar, Ky., 350 S.W.2d 146. There is no question as to whether the trial court is acting within its jurisdiction. The question is whether the contemplated action will result in irreparable injury because of the vexation and expense of continued litigation. Similar petitions have been denied. Ison v. Bradley, Ky., 333 S.W.2d 784; Shelby County Board of Education v. Wright, Ky., 390 S.W.2d 654.

Relief denied.

All concur.