Carolyn HARRISON, Petitioner,

v.

Joe P. CLARK, Judge of Simpson Circuit Court, Respondent, and Bryant Lumber Company and Richard Carline Blankenship, Co-Respondents.

Court of Appeals of Kentucky.

June 28, 1968.

Paul R. Huddleston, Reid Caudill, Bowling Green, for petitioner.

J. Granville Clark, Russellville, for respondent.

Frank R. Goad, Scottsville, for corespondents.

John David Cole, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, for Marvin Eugene Harrison.

DAVIS, Commissioner.

Carolyn Harrison has invoked the original jurisdiction of this court seeking to prohibit Honorable Joe P. Clark as presiding judge of the Simpson Circuit Court from interfering with her efforts to enforce a judgment in her favor obtained in the Simpson Circuit Court. Kentucky Constitution, Section 110. Bryant Lumber Company and its employee, Richard Carline Blankenship, (hereinafter referred to collectively as Bryant) have been permitted to appear as corespondents. Temporary writ of prohibition was issued on May 6, 1968, to maintain the status quo until the case could be decided on its merits. We recite the pertinent factual background.

Mrs. Harrison filed action seeking damages for personal injuries and special expenses alleged to have been sustained as the result of an accident between the car driven by her husband, Marvin Eugene Harrison, and a truck owned by Bryant Lumber Company driven by its employee, Richard Carline Blankenship. On March 15, 1968, at the end of a three-day trial, a jury returned its verdict awarding Mrs. Harrison the total sum of $110,000 with specific findings that $25,000 of that amount was due from her husband, Marvin Eugene Harrison, and $85,000 was due from Bryant.

On March 19, 1968, before any judgment had been entered upon the verdict, Bryant filed motion and grounds for new trial and at the same time filed a separate motion for judgment notwithstanding verdict. Each of these motions was endorsed by the clerk of the circuit court as filed on March 19, 1968, and each bore certification of having been served on all opposing counsel on that same date.

An hour or two later on March 19, 1968, a judgment in the form of a trial order was signed and entered by the trial judge wherein recovery in behalf of Carolyn Harrison according to the verdict was specifically adjudged. The clerk of the court conformed to the requirements of CR 79.01 and CR 77.04 as respects noting the judgment in the civil docket book and serving notice of its entry by mailing attested copies to all attorneys of record. There is no recitation in the judgment of March 19, 1968, adverting to or specifically ruling upon the motion for new trial or the motion for judgment n. o. v. filed earlier that day by Bryant.

Without reciting in further detail other steps taken after the verdict and judgment, it is sufficient to say that on April 16, 1968, the trial court entered an order setting aside the March 15 verdict and granting a new trial on the fundamental ground that the verdict for the plaintiff was excessive. The petitioner contends that the

court had no jurisdiction to enter such an order on April 16 for the reason that the judgment of March 19 served to overrrule the motion for new trial and the motion for judgment n. o. v. which had been filed shortly before the entry of the judgment. We are not persuaded to this view.

Our attention has been directed to Partridge v. Presley, 88 U.S.App.D.C. 298, 189 F.2d 645, where a similar contention was made and resolved adversely to the position maintained by the present petitioner. In concluding that a judgment entered after a motion for new trial had been served and filed did not overrule the motion for new trial, the court wrote in pertinent part:

"In the present case, however, nothing appears to indicate a hearing was had on the motion prior to the judgment * *, nor even that the trial judge was then aware of the pendency of the motion for a new trial. * * *. That an order overruling the motion was entered [some months after the judgment] indicates the court had not consciously disposed of the matter by entering the judgment on April 11; * * * the * * * order [overruling the motion for new trial] was the first and only disposition of the pending motion." Id. 189 F.2d 647.

It is clear that the trial court did not consciously overrule the motion for new trial by the entry of judgment on March 19. The court had not lost jurisdiction of the proceedings. Our conclusion in this respect is bolstered by the fact that on March 25 the court had a hearing at which the motion for new trial in behalf of Bryant was argued and at which a brief in support of that motion was filed. Mrs. Harrison's counsel asked for time to file a responsive brief, and the court indicated that such time would be granted.

 The trial court has broad discretion in granting a new trial. If that discretion has been abused, an appeal from the judgment ultimately rendered will af-

ford petitioner an adequate remedy. See Shelby County Bd. of Ed. v. Wright, Ky., 390 S.W.2d 654.

We do not have before us and do not pass upon the question of the court's exercise of discretion in granting the new trial, as that matter may or may not arise in further proceedings.

Petitioner's motion to strike the response, or in the alternative to submit proof, is overruled.

The relief sought by the petitioner is denied.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY, OSBORNE, and STEINFELD, JJ., concur.

PALMORE, J., dissents.

PALMORE, Judge (dissenting).

Judgment was entered on March 19, and as I understand the facts of this case the clerk duly notified the parties. If the judgment was premature, or objectionable for any other reason, CR 59.05 allowed 10 days for motions to amend or vacate it. CR 59.04 allowed the trial court the same 10 days in which to take such action on its own initiative. As "a general proposition the court loses control of its judgment 10 days after the day of its entry unless an authorized motion is made or court action is taken within that time." Clay's Kentucky Practice, CR 59.04, Comment 4.

I think the passage of 10 days after entry of the judgment without a motion or order ended the court's control over it. It happens often that motions are made during a proceeding and are never passed on or given further attention, but the judgment clears the deck. This, of course, is an unusual case, but hard cases make bad law. Suppose, for example, the trial court had waited a year instead of 28 days after the judgment before vacating it. Or two years. When would its jurisdiction have ended?