**Howard P. HUNT, Jr., Petitioner,**

v.

**Delbert EAGLE, Judge, Respondent.**

Court of Appeals of Kentucky.

June 27, 1969.

Rehearing Denied July 29, 1969.

James G. Sheehan, Jr., Danville, for petitioner.

No attorney for respondent.

PALMORE, Judge.

This is an original proceeding for a writ of prohibition against the judge of the Boyle Circuit Court.

Howard P. Hunt, Jr., and Cecil Arnold were candidates in the primary election of May 27, 1969, for the Democratic nomination for the office of state representative for the 50th legislative district, comprising Boyle and Garrard Counties. On June 10, 1969, pursuant to KRS 122.020, Arnold filed an action against Hunt in the Boyle Circuit Court alleging that Hunt was the successful and Arnold the unsuccessful candidate; that in Precinct No. 15 of Boyle County illegal votes were cast in such a substantial number that a fair election was not held; and that it was impossible to ascertain for whom the illegal votes were cast; and asking that the election in that precinct be declared void. The complaint stated the names of the persons alleged to have voted illegally and the reasons their votes were illegal.

On June 17, 1969, after Hunt had moved for a dismissal, Arnold filed an amended complaint in which he again named the persons alleged to have voted illegally and stated that they had voted for Hunt. In the amended complaint Arnold demanded that the illegal votes be deducted from Hunt's total vote. Hunt moved to strike the amended complaint because KRS 122.-020 provides that no ground of contest may be filed "or made more definite by amendment" after expiration of the time allowed for filing the original pleading, which in this instance was 15 days after the date of the primary election.

The motion to strike was overruled. Hunt takes the position that in view of the aforementioned provision of KRS 122.020 the trial court does not have jurisdiction to entertain proceedings on the amended complaint. Hence this proceeding to prohibit the judge of that court from so doing.

It is our opinion that the statutory interdict against amendment of a complaint under KRS 122.020 to make it more definite is not jurisdictional, and that the proper avenue for relief against erroneous reception of and proceedings pursuant to such an amendment is by way of appeal.

We can readily understand the annoyance and embarrassment a successful candidate in a primary election must experience in having to defend against a contest in court while at the same time campaigning for the regular election. And quite aside from the personal inconvenience of the individuals involved, the ne-

cessity for the public to know which of them (if either) is to be the official candidate of his party makes a prompt resolution of the controversy imperative. By providing in KRS 122.040 for an immediate review by this court on the original record the legislature obviously regarded that procedure as an adequate remedy for any errors the trial court might commit in determining such a contest. If we should now say otherwise, KRS 122.040 would amount to little more than a dead leaf on a tree, because every review by this court would come by way of prohibition instead of appeal.

There may, of course, be exceptional circumstances in which a trial court is so conducting, or failing to conduct, an election contest case that an eventual appeal would not be an adequate remedy, but nothing of that sort is indicated in this case. We cannot avoid the conclusion that if an error has been committed, and if the trial court sustains the contest, petitioner will have an adequate remedy by appeal. Cf. Boyd v. Tipton, Ky., 419 S.W.2d 140, 141 (1967); Burke v. Tartar, Ky., 350 S. W.2d 146 (1961).

Prohibition is therefore denied.

All concur.