Mary Ruth SMITH, Individually and as Executrix of the Estate of James Harlan Smith; Russell Smith, Individually and as Executor of the Estate of Leonard O. Smith, Sr., Appellants,

v.

Leonard O. SMITH, Jr.; Elizabeth Smith; Berniece Greenwell; Larry D. Greenwell, Appellees.

Court of Appeals of Kentucky.

May 22, 1981.

Allen K. Gailor, Louisville, for appellants.

Athol Lee Taylor, Shepherdsville, for appellees.

Before COOPER, GANT and HOGGE, JJ.

COOPER, Judge.

This is an appeal from a judgment for the appellees, plaintiffs below, declaring two leases to be forfeited. At issue is whether the trial court acted correctly in so determining. On review, we affirm.

The facts giving rise to this litigation are as follows: In February of 1968, Leonard O. Smith, Sr., by two separate yet related leases, leased to his son, James H. Smith, a 524-acre tract of land in Bullitt County, Kentucky. Prior to and subsequent to execution of such leases, the land was being operated as a commercial dump. By their terms, the leases were for 30 years with a monthly payment of $100.00. Leonard O. Smith, Sr., died testate in November of 1969, devising the tract and his interest in the leases in question to his six children, namely: the appellant, Russell Smith; the appellees, Leonard O. Smith, Jr., and Berniece Greenwell; Marie Smith; Carolyn Hoagland; and James H. Smith. By the terms of his will, James H. Smith and Russell Smith were designated as co-executors of the estate.

In February of 1978, James Smith died, devising to his widow, Mary Ruth Smith, the appellant, his interest in the two leaseholds. Prior to his death, he had purchased from his brother and sister, Russell and Marie, their respective one-sixth interests in the farm and the leaseholds, thereby giving him one-half ownership of same up to the time of his death. Thereafter, Mary Ruth purchased the one-sixth interest which had belonged to her decedent husband's sister, Carolyn. Consequently, at the time of this litigation, she had a two-thirds interest in the farm and leaseholds, whereas the appellees, Leonard O. Smith, Jr., and Berniece Greenwell, children of Leonard O. Smith, Sr., each had a one-sixth interest.

This action was instituted to determine whether the leases terminated upon the death of the lessee, James H. Smith, or passed under his will to Mary Ruth Smith. Both leases, executed contemporaneously and with respect to the same property, contained the following stipulation and condition:

Premises shall not be underlet, or the term, in whole or in part, assigned, transferred, or set over by the act of the lessee, by process or operation of law, or in any other manner whatsoever, without the written consent of the lessor, and for a violation of this stipulation, in addition to the forfeiture provided in the ninth clause, the rent shall be doubled while the default continues.

The trial court found, as a finding of fact, that there had been no written consent for the transfer of the lessee's interest to Mary Ruth. Accordingly, it concluded that the forfeiture provisions contained within each lease were to be given full force and effect. As such, it held that the property was no longer subject to the leases' restrictions and was therefore free to be sold to a third party. It is from this judgment that the appellants now appeal.

Essentially, the appellants argue that the trial court erred in determining that the leases had been forfeited in that such a finding contravened the clear intent of the original lessor. Furthermore, the appel-

lants argue that as the forfeiture provisions were inconsistent with other provisions in the leases, they should be given no force or effect. We reject this argument. Although there is substantial evidence that the original lessor, Leonard O. Smith, Sr., intended the leases to continue as long as James H. Smith was alive, there is no substantial evidence that he intended such leases to continue after the latter's death.

More significantly, the forfeiture provisions contained within each lease were clear and unambiguous. Such provisions prohibited a transfer by the lessee, absent attempted transfer of James' interest—as lessee—to his widow was by act of the lessee. Although such a transfer does not automatically result in forfeiture, the lessor can elect to declare a forfeiture. *Parks v. Union Manufacturing Co.*, 14 Ky.Law Reports 206 (1892); 49 Am.Jur.2d, *Landlord and Tenant*, § 414.

Although courts do not generally favor forfeitures, a clear and substantial violation of such a provision will be enforced, absent considerations of equity. *Miller Dairy Products Co. v. Puryear*, Ky., 310 S.W.2d 518 (1958); *McHugh v. Knippert*, Ky., 243 S.W.2d 654 (1951). Additionally, the forfeiture provisions herein were not, on their face, inconsistent with the other terms and conditions of the leases. As such, they must be given full force and effect. *Aetna Oil Co. v. Robertson*, Ky., 258 S.W.2d 464 (1953); *Southern Bell Telephone & Tele. Co. v. Chappelle*, Ky., 415 S.W.2d 826 (1967).

At the time of Leonard O. Smith's, Sr. death, his interest in the leaseholds—as lessor—passed to the appellees. Both Leonard O. Smith, Jr. and Berniece Greenwell inherited a one-sixth interest, becoming lessors of that one-sixth interest. As the appellees sought to declare the leases forfeited, the trial court, under the language of the court in *Parks, supra*, was bound to declare a forfeiture as to their respective interests.

Consequently, the trial court acted correctly in determining that the leases were forfeited, given the intent of the appellees to declare a forfeiture.

The judgment of the trial court is affirmed.

All concur.